**STATE of Tennessee, Appellee,**

v.

**Jerry Lee THOMAS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 18, 1989.

Charles S. Sexton, Sevierville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, James W. Milam, Asst. Atty. Gen., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Deb Teufel, Asst. Dist. Atty. Gen., Sevierville, for appellee.

## OPINION

REID, Judge.

This case presents an appeal as of right from a sentence of six years in the Department of Corrections on a plea of guilty to arson.

Appellant assigns for review the denial of his application to be sentenced pursuant to the Community Corrections Act of 1985.

*De novo* review pursuant to T.C.A. § 40–35–402(d), (Supp.1987) requires application of the sentencing principles stated in T.C.A. § 40–35–103 to the information in the record deemed relevant by T.C.A. § 40–35–210 and the provisions of the Community Corrections Act, T.C.A. § 40–36–101 *et seq.*

Appellant, 23 years old and unmarried, lived with his father in a dilapidated trailer in Sevier County and they, and other relatives, worked at a slaughterhouse in Gatlinburg. In keeping with their Friday afternoon custom, Appellant, his father and brother cashed their paychecks, purchased liquor and commenced a week-end drinking spree. That night at the trailer Appellant and his father got into an argument about the father's broken promise to find them a better place to live. In a drunken fury Appellant poured kerosene on the floor, porch and walls of the trailer and set it afire so that they would have to find another place to live. The trailer was destroyed and the father incurred serious burns.

As indicated by the indictment for aggravated arson, the State's position was that Appellant intended to harm his father. Appellant's position was that the father was burned while fighting the fire. The record contains only statements by counsel and the issue is not resolved. However, the plea was to arson, which does not contemplate bodily injury.

At the time of the sentencing hearing, Appellant and his father had been living for several months in a new trailer furnished by their employer. The father had stopped drinking and Appellant had made significant progress. The father has not demonstrated any animosity towards Appellant and is supportive of his application for probation.

Appellant's prior criminal record consists of minor offenses related to alcohol. At the time of the offense he was on probation on a federal charge of DUI in the Smokey Mountain National Park. The probation officer reported that Appellant has complied with the probation rules but "has a problem with alcohol."

Because of parental neglect Appellant was placed in a foster home at the age of three where he received harsh treatment until he was transferred 12 years later to another foster home where he remained until he began living with his father at age 18.

According to the pre-sentence report, Appellant "appears to have limited mental ca-

pacity," he "cannot read or write without difficulty and has problems communicating effectively with others," he has a history of alcohol abuse, drinks heavily and "cannot control himself when drinking." Appellant received social promotions until he completed the eighth grade in school. He has been regularly employed since he was 12 years of age.

The trial court made no formal findings. In the course of the sentencing hearing the court commented generally upon the facts and noted Appellant was "highly intoxicated," a man of "limitations," he did not want to hurt his father, was "remorseful," "his reactions were [ ] juvenile," he was "dangerous" when intoxicated, and concluded Appellant "can endure incarceration" even though "he's not going to learn much from it," and arson "always should be punished."

Appellant meets the minimum criteria stated in T.C.A. § 40–36–106(a); consequently, consideration for punishment under the Community Corrections Act is appropriate.

This case fits the one goal of the Community Corrections Act directed specifically to offenders: "Provide opportunities for offenders demonstrating special needs to receive services which enhance their ability to provide for their families and become contributing members of their community." T.C.A. § 40–36–104(5). Appellant's special need is treatment for alcohol addiction. According to the probation officer who prepared the pre-sentence report recommending that the court grant probation, the local community correction program has adequate funding for alcohol abuse counseling. The potential for improvement with regard to alcohol abuse is indicated by the father's abstinence since the offense occurred and Appellant's substantial progress towards abstinence, under the encouragement of his father.

A secondary need is vocational training, which, according to the pre-sentence report, also may be available under the community corrections program. Since Appellant has been regularly employed since he was 12 years of age, it would appear that he is a good candidate for vocational training.

Appellant's record of compliance with the federal probation requirements would suggest a respect for authority and a willingness to participate in a meaningful rehabilitation plan. The record justifies a reasonable expectation that under the community corrections program Appellant may become a "contributing member" of the community.

Incarceration of this offender, who has limited mental ability and an addiction to alcohol and whose only violent crime has been an unreasoned reaction to continued living in squalid conditions, holds little promise of "providing an effective deterrent to others" or "rehabilitation of the offender." T.C.A. § 40–35–102(3)(A),(C).

Application of the provisions of the Criminal Sentencing Reform Act and the Community Corrections Act to this record requires that Appellant be sentenced for a period of six years to the Sevier County Community Corrections program, under a plan of supervision which shall include:

1) A program of in-patient alcohol treatment and any subsequent treatment recommended by program personnel;

2) A requirement that Appellant affirmatively participate in the program and comply substantially with all aspects of the program;

3) A vocational rehabilitation assessment and compliance with recommended training programs;

4) Appellant's acceptance of available, suitable employment; and

5) Other provisions, not inconsistent with the Criminal Sentencing Reform Act, the

---

1. In rendering this opinion, this court acknowledges that the defendant has been incarcerated since January 4, 1988.

Community Corrections Act or this opinion, deemed appropriate by the trial court.[1]

The sentence imposed by the trial court is vacated and the case is remanded for entry of an order in conformity with this opinion.

DAUGHTREY and WADE, JJ., concur.