**STATE of Tennessee, Plaintiff–Appellant,**

v.

**Wayne BURDIN, Defendant–Appellee.**

Supreme Court of Tennessee,
at Jackson.

May 28, 1996.

Charles W. Burson, Attorney General & Reporter, Kathy Morante, Deputy Attorney General, Nashville, for Plaintiff–Appellant.

Brett B. Stein, Wayne Chastain, Memphis, for Defendant–Appellee.

## OPINION

REID, Justice.

This case presents an appeal from a condition of probation imposed by the trial court

upon a guilty plea to a charge of sexual battery. The judgment of the Court of Criminal Appeals removing the condition is affirmed, and the case is remanded to the trial court.

The offense was committed in December 1992 at the defendant's residence while he was wrestling with the 16–year–old victim. When the victim refused the defendant's request that he take his clothes off, the defendant unzipped the victim's trousers and fondled him. The defendant offered the victim money to have oral sex with him. Instead, the victim immediately went home and reported the incident to his parents and the police.

Following the incident, the defendant tried to commit suicide. After treatment at a hospital, he was referred to a program for child molesters at the sexual abuse clinic at the University of Tennessee. At the time of the sentencing hearing, the defendant had attended the weekly treatment sessions for four months. Psychological reports entered into evidence by stipulation contained admissions that the defendant had sexually abused other teenage boys, including his three stepsons. The defendant testified that the child molester program assisted him in managing his anxiety, identifying risk factors, and coping with his condition.

The trial court sentenced the defendant as a Range I standard offender to one year in the correctional center and assessed a $500.00 fine. The court suspended the sentence and placed the defendant on two years probation. As a condition of probation, the court ordered the defendant to continue the therapy sessions. The condition of probation from which the defendant appeals is that the defendant place in the front yard of the residence where he now lives with his mother in the Frayser suburb of Memphis, a four-by-eight foot sign with black letters over a yellow background stating: "Warning, all children. Wayne Burdin is an admitted and convicted child molester. Parents beware." The court ordered that the sign be maintained for a period of six months during which the defendant would be under house arrest.

The defendant contends that requiring that he erect the sign at his residence as a condition of probation is not a punishment authorized by the Criminal Sentencing Act of 1989 and, further, that imposition of the condition violates the Eighth Amendment to the Constitution of the United States and Article I, Section 16 of the Constitution of Tennessee.

▪ As an initial matter, the State says that the defendant did not object to the erection of the sign at the sentencing hearing, and the issue, therefore, was waived. Rule 52(b), Tennessee Rules of Criminal Procedure, states that an error affecting the substantial rights of the accused may be noticed at any time where necessary to do justice. The Court declines to dismiss the appeal based on the colloquy between the judge and the defendant at the sentencing hearing at which the defendant essentially stood mute.

The issue for resolution, then, is whether the trial court was authorized to require the defendant to post the sign in his yard as a condition of probation.

▪ The State insists correctly that the burden of showing that the sentence is improper is upon the appellant. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn.1991). Review of a sentence is governed by the Tennessee Criminal Sentencing Reform Act of 1989. *See* Tenn.Code Ann. § 40–35–117 ·(1990). Section 40–35–401 of the Act sets forth the standards for reviewing the trial court's decision on probation:

> When reviewing sentencing issues ... including the granting or denial of probation ... the appellate court shall conduct a de novo review ... with a presumption that the determinations made by the court from which the appeal is taken are correct.

As this Court has noted,

> [h]owever, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court con-

sidered the sentencing principles and all relevant facts and circumstances.

*State v. Ashby,* 823 S.W.2d at 169.

However, before deciding whether the condition of probation imposed upon the defendant was proper according to the statutory principles of sentencing, the Court must first decide whether the condition is permissible under any circumstances.

 Under the Act, the trial court has great latitude in formulating punishment, including the imposition of conditions on probation. The Act requires a case-by-case approach to sentencing, and authorizes, indeed encourages, trial judges to be innovative in devising appropriate sentences. *See State v. Moss,* 727 S.W.2d 229, 235 (Tenn.1986); *State v. Ashby,* 823 S.W.2d at 171. However, sentences imposed must conform to the principles of sentencing set forth in the Act, which require that both the interests of society and of the defendant be considered. Those principles reflect the public policy of the state. *See id.* at 169. The Act provides that,

> Punishment shall be imposed to prevent crime and promote respect for the law by: (A) Providing an effective general deterrent ...; (B) Restraining defendants with a lengthy history of criminal conduct; (C) Encouraging effective rehabilitation of those defendants, where reasonably feasible, by promoting the use of alternative sentencing and correctional programs ...; and (D) Encouraging restitution to victims....

Tenn.Code Ann. § 40–35–102(3) (Supp.1995).

 The authority to impose conditions on probation is granted in Section 40–35–303(d) (Supp.1995):

> Whenever a court sentences an offender to supervised probation, the court shall specify the terms of the supervision and may require the offender to comply with certain conditions which may include, but are not limited to: (1) Meet the offender's family responsibilities; (2) Devote the offender to a specific employment or occupation; (3) Perform without compensation services in the community for charitable or governmental agencies; (4) Undergo available medical or psychiatric treatment ... (5) Pursue a prescribed secular course of study or vocational training; (6) Refrain from possessing a firearm or other dangerous weapon; (7) Remain within prescribed geographical boundaries and notify the court or the probation officer of any change in the offender's address or employment; (8) Submit to supervision by an appropriate agency or person, and report as directed by the court; (9) Satisfy any other conditions reasonably related to the purpose of the offender's sentence and not unduly restrictive of the offender's liberty, or incompatible with the offender's freedom of conscience, or otherwise prohibited by this chapter; or (10) Make appropriate and reasonable restitution to the victim or the family of the victim involved pursuant to § 40–35–304.

Review of this statute shows that the enumerated conditions are closely related to conventional societal duties—family support, productive employment, community service, personal health, vocational training, avoidance of dangerous instruments, cooperation with supervising agencies, and restitution. These permissible conditions focus on the offender and those persons charged with the offender's supervision. These conditions offer no dramatic departures from traditional principles of rehabilitation. Subsection (9), though general in form, contains specific limitations which are consistent with the conditions enumerated.

The State contends that subsection (9) authorizes the trial judge to order the erection of the sign as a condition of probation. The State insists that requiring the sign to be erected in the defendant's yard "unquestionably" is reasonably related to the purpose of the defendant's sentence, and therefore, is appropriate under the Act. The State's argument, though forceful, offers little support for its position.

The State's argument fails in its premise, in its conclusion, and in its authority. The authority cited by the State, which includes no decision by this Court or the Court of Criminal Appeals, will be considered first. The only decisions relied upon by the State which relate to public disclosure were ren-

dered by two intermediate appellate courts of Florida and involved offenders convicted of driving under the influence of an intoxicant. In one case, the offender was ordered to affix to his personal automobile a bumper sticker reading "CONVICTED DUI—RESTRICTED LICENSE." *Goldschmitt v. State*, 490 So.2d 123, 124 (Fla.App. 2 Dist.1986). The defendant insisted that the penalty imposed had not been authorized by the Florida legislature and was a "judicially developed, new penalty." *Id.* at 125. The Florida court rejected that argument and concluded that as long as a special condition of probation was "tailored" to the particular circumstances of the case, it could be imposed "any time [a judge] chooses if that special condition otherwise is lawful." *Id.* In the other Florida case, the offender was required to buy an advertisement in the local newspaper showing a personal photograph, his name and the caption "DUI—Convicted." *Lindsay v. State*, 606 So.2d 652, 653 (Fla.App. 4 Dist. 1992). The intermediate court affirmed the conviction upon finding, "The scope of the discretion given to trial judges under these statutes [1] is breathtaking." *Id.* at 655.

■ These pronouncements by the Florida courts notwithstanding, the Tennessee statute does not allow "breathtaking" departures from conventional principles of probation.

■ The premise of the State's argument is that "[u]nder the present Tennessee statutory sentencing scheme, it is no longer the case that the primary goal of probation is rehabilitation." [2] Although the State's counsel relied upon *State v. Ashby* on a preliminary issue, they apparently failed to note the following statement in which the Court addressed the purpose of probation:

Also, subsection (5) [of Tenn.Code Ann. § 40–35–102] establishes a rebuttable presumption in favor of rehabilitation upon early convictions. *See also* Tenn.Code Ann. § 40–35–303(b) (probation is to be automatically considered as a sentencing

alternative for eligible defendants); *State v. Fletcher*, 805 S.W.2d 785, 787 (Tenn. Crim.App.1991). As stated in *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974),

The entire theory of probation is that it is in the public interest that those who violate society's rules of conduct should, in proper cases, be given an opportunity to rehabilitate themselves and to be restored to useful and productive citizenship. More and more our society is coming to realize that "warehousing" criminals on an indiscriminate basis is financially, socially and morally unacceptable.

*Id.* at 620.

*State v. Ashby*, 823 S.W.2d at 169 (quoting *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974). The State's argument that "[a]ny prior presumption as contained in *Stiller* that the 'primary' purpose of probation is rehabilitation, and its corollary that the primary purpose of incarceration is punishment, is no longer correct," is not consistent with the statute or any decision of this Court. The State's suggestion that rehabilitation through the use of probation is a "questionable penalogical theory" is unfounded. The adoption of the State's position would be a departure from conventional principles and prior decisions. The primary goal of probation, under the Act and the decisions of the appellate courts of this state, is rehabilitation of the defendant. *See e.g., State v. Thomas*, 776 S.W.2d 547, 549 (Tenn.Crim.App.1989); *State v. Spawr*, 653 S.W.2d 404, 406 (Tenn.1983); *State v. Bunch*, 656 S.W.2d 404, 405–06 (Tenn.Crim.App.1983); *State v. Barber*, 595 S.W.2d 809, 811 (Tenn.1980); *Moten v. State*, 559 S.W.2d 770, 772 (Tenn.1977); *Mattino v. State*, 539 S.W.2d 824, 829–30 (Tenn.Crim. App.1976); *Stiller v. State*, 516 S.W.2d 617, 620 (Tenn.1974); *State v. Silva*, 477 S.W.2d 517, 521 (Tenn.1972); *see also People v. McClendon*, 130 Ill.App.2d 852, 265 N.E.2d 207 (1970) (discussing rehabilitative purposes

---

1. That statute enumerates specific conditions and has a "catch-all" provision stating "The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper." Fla.Stat.Ann. § 948.03(5) (1991).

2. The State's primary authority for this statement appears to be Karen L. Kennard, Comment, *The Victim's Veto: A Way to Increase Victim Impact on Criminal Case Dispositions*, 77 Cal.L.Rev. 417, 421 (1989).

of probation and studies measuring the effectiveness of probation).

■■■■ Section 40–35–303(d)(9) cannot be read as granting unfettered authority to the courts to impose punishments which are beyond the bounds of traditional notions of rehabilitation. The consequences of imposing such a condition without the normal safeguards of legislative study and debate are uncertain. Posting the sign in the defendant's yard would dramatically affect persons other than the defendant and those charged with his supervision. In addition to being novel and somewhat bizarre, compliance with the condition would have consequences in the community, perhaps beneficial, perhaps detrimental, but in any event unforeseen and unpredictable. Though innovative techniques of probation are encouraged to promote the rehabilitation of offenders and the prevention of recidivism, this legislative grant of authority may not be used to usurp the legislative role of defining the nature of punishment which may be imposed. The power to define what shall constitute a criminal offense and to assess punishment for a particular crime is vested in the legislature. *State v. Hale,* 840 S.W.2d 307, 314 (Tenn. 1992); *Hunter v. State,* 496 S.W.2d 900, 902–03 (Tenn.1972); *Woods v. State,* 130 Tenn. 100, 106–07, 169 S.W. 558, 559–560 (1914). The condition imposed in this case is not expressly or implicitly authorized by the Act.

Where the legislature has considered the public disclosure of the identity of sexual offenders, authorization has been far more restrictive than the public disclosure ordered in this case. The Sexual Offender Registration and Monitoring Act, which became effective January 1, 1995, addresses the circumstances under which the identity and other information regarding sexual offenders may be released. That act establishes a sexual offender registry to be maintained by the Tennessee Bureau of Investigation, and it authorizes the use of information about sexual offenders by law enforcement officials and other public officials "assigned responsibility for the offender's supervised release." Tenn. Code Ann. § 40–39–106 (Supp.1995). That act further provides that otherwise, the information in the registry, "shall be confidential," except that a law enforcement agency "may

release relevant information deemed necessary to protect the public concerning a specific sexual offender." Tenn.Code Ann. § 40–39–106(c). Even though the issue before the Court is not controlled by that statute, it does reflect the policy of the legislature regarding the public identification of sexual offenders. Posting the sign ordered by the court in this case would not be consistent with that policy.

■■■■ Since the condition imposed is not authorized by statute, the constitutional issues relied upon by the defendant need not be considered. "[U]nder Tennessee law, courts do not decide constitutional questions unless resolution is absolutely necessary for determination of the case and the rights of the parties." *Owens v. State,* 908 S.W.2d 923, 926 (Tenn.1995).

The decision of the Court of Appeals is affirmed, and the case is remanded to the trial court for the imposition of such conditions on probation consistent with the Act as the trial court shall determine.

Costs are taxed against the State.

ANDERSON, C.J., and DROWOTA and BIRCH, JJ., concur.

WHITE, J., not participating.