IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 8, 2002 Session

**STATE OF TENNESSEE v. SEAN E. MILLER**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-13995      Chris Craft, Judge**

---

**No. W2001-02045-CCA-R3-CD  - Filed February 15, 2002**

---

The defendant was found guilty by a Shelby County jury of DUI, second offense, and reckless driving. He was sentenced to 11 months and 29 days, all suspended except 60 days for DUI, second offense, and fined $50 for reckless driving. On appeal, he argues: (1) the results of his breath alcohol test were not properly admitted; (2) the evidence was insufficient to support his conviction for reckless driving; (3) the trial court improperly aided the prosecution in the presentation of its case; and (4) the trial court erred in ordering the defendant to consent to breath alcohol tests as a condition of his probation. We reverse the judgments of the trial court, dismiss the charge of reckless driving, and remand the DUI charge to the lower court for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Reckless Driving Dismissed; DUI Second Offense Remanded for a New Trial**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Paul E. Lewis, Millington, Tennessee, for the appellant, Sean E. Miller.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paula Wulff and Reginald R. Henderson, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Bartlett Police Officer Robert White testified he was operating stationary radar in the early morning hours of December 19, 1997, when he saw the defendant "[swing] a little bit wide" while negotiating a very slight curve. According to White, the radar indicated the defendant was traveling 47 miles per hour on a two-lane road in a residential area with a posted speed limit of 35 miles per hour. White stated he stopped the defendant for speeding at 1:34 a.m.

According to White, the defendant appeared to have been drinking and admitted to White he had been drinking. After White gave the defendant a series of field sobriety tests, he concluded the defendant was under the influence of an intoxicant, placed the defendant in custody, and requested the assistance of the Memphis DUI Squad.

Officer Tommy Woods of the Memphis DUI Squad administered three field sobriety tests beginning at approximately 2:17 a.m. and concluded the defendant was "obviously impaired." He seated the defendant in the rear of the squad car at 2:22 a.m. and observed the defendant through a video monitor from the front seat. Woods stated he could not observe if the defendant burped, belched, or vomited while Woods moved the car forward. Woods stated he also completed paperwork and talked to other officers while he was observing the defendant in the squad car. Woods handed the defendant a document to sign at 2:31 a.m, and for a period of approximately 30 seconds the defendant's face was not on video. Woods stated he was talking to another officer outside the car window as the defendant was signing the form and did not know if the defendant belched or burped. Woods was unable to verify whether the defendant burped, belched, regurgitated, or put anything in his mouth during the required 20-minute period preceding the breath alcohol test. At 2:40 a.m., the defendant blew into the intoxilizer machine. According to the tests results, the defendant's blood alcohol level was .17%.

The defendant was charged with DUI, DUI *per se* and reckless driving, along with a separate count alleging the defendant had a prior DUI conviction. The defendant was convicted by the jury of DUI and DUI *per se*, second offense, and reckless driving. The trial court merged the two DUI convictions into a single offense.

## I. ADMISSIBILITY OF BREATH ALCOHOL RESULTS

The defendant argues the state failed to establish the proper foundation for the admissibility of the alcohol test results under State v. Sensing, 843 S.W.2d 412 (Tenn. 1992). More specifically, the defendant submits the state failed to prove Officer Woods properly observed the defendant for the required 20 minutes prior to the test. In Sensing, the Tennessee Supreme Court established the threshold prerequisites for admissibility of breath alcohol testing device results without the benefit of expert testimony. For the test results to be admissible, a testing officer must establish (1) the tests were performed in accordance with TBI standards and operating procedure; (2) he or she was properly certified in accordance with those standards; (3) the instrument used was certified by the TBI, tested regularly for accuracy, and was working properly when the test was performed; (4) the motorist was observed for 20 minutes prior to the test, and during this period did not have foreign matter in his mouth, consume any alcohol, smoke, or regurgitate; (5) he or she followed prescribed operational procedure; and (6) the identity of the printout record as the result of the test given to the person tested. *Id*. at 416. The state must establish compliance with Sensing by a preponderance of the evidence. State v. Deloit, 964 S.W.2d 909, 916 (Tenn. Crim. App. 1997). A trial court's decision as to whether the state has met its burden of proof under Sensing is presumed to be correct on appeal unless the preponderance of the evidence is to the contrary. State v. Edison, 9 S.W.3d 75, 78 (Tenn. 1999).

Officer Woods first observed the defendant at 2:17 a.m. when Officer Woods asked the defendant to perform three field sobriety tests. One of these tests required the defendant to walk several paces heel-to-toe, pivot, and return walking heel-to-toe. Woods conceded he could not see the defendant's face as the defendant performed the heel-to-toe test; therefore, he conceded he could not determine if the defendant regurgitated during the test.

When Woods placed the defendant in the backseat of the squad car at 2:22 a.m., he pointed the video camera at the defendant's face and observed the defendant through a video monitor. Woods testified he looked away from the monitor as he pulled the car forward. Woods also stated he filled out paperwork during the observation period. At 2:31, Woods handed the defendant a document to sign, and the defendant bent over in the seat to sign it. For approximately half a minute, the defendant's face was not on camera and did not appear on the video monitor. Officer Woods testified he was speaking with other officers who were outside the window of his squad car and, therefore, conceded he could not observe, and did not know, if the defendant belched or burped during that time. At 2:40, the defendant blew into the intoxilizer machine.

In Deloit, this court held the results of a breath alcohol test were not admissible where an officer observed the subject, who was seated in the backseat, through the rear view mirror while the officer filled out paperwork. 964 S.W.2d at 916. More recently, in State v. Korsakov, 34 S.W.3d 534 (Tenn. Crim. App. 2000), we held the requirements of Sensing were not met where the officer filled out paperwork during the 20-minute observation period. *Id.* at 541. Finally, this court has noted that being in the presence of the officer while in the backseat of a patrol car did not meet the observation requirements. State v. McCaslin, 894 S.W.2d 310, 311-12 (Tenn. Crim. App. 1994).

In the case *sub judice*, the officer conceded there were several times during the observation period that he was unable to observe the defendant. We are unable to distinguish the instant case from the reported cases of Deloit, Korsakov, and McCaslin.[1] Thus, we must conclude the evidence preponderates against the trial court's finding that the officer observed the defendant for the required 20-minute period. Therefore, the breath test result was inadmissible.

The erroneous admission of the test result was not harmless error. The test result was the only evidence establishing DUI *per* se; namely, a blood alcohol concentration of .10% or more. *See* Tenn. Code Ann. § 55-10-401(a)(2). As to DUI, *see* Tenn. Code Ann. § 55-10-401(a)(1), the test result was the only scientific evidence offered by the state. Furthermore, the testimony and the videotape do not strongly establish the defendant's guilt without the test result. *See* McCaslin, 894 S.W.2d at 312. Thus, the question "should be left for a jury." Korsakov, 34 S.W.3d at 541; *see also* Deloit, 964 S.W.2d at 917.

---

[1] We do recognize that the videotape of the defendant in the backseat of the patrol car is an exhibit, and we have viewed the tape in its entirety. We are able to observe that, for the time the defendant's face is viewable on the tape, he did not have any foreign matter in his mouth, consume alcohol, smoke or regurgitate. *See* State v. Binette, 33 S.W.3d 215, 217 (Tenn. 2000) (holding appellate court's standard of review is *de novo* without a presumption of correctness where evidence does not involve issues of credibility). However, the defendant's face was not observable during the entire 20-minute period preceding the test.

Accordingly, we remand Count 1 charging DUI and Count 3 charging DUI *per se* for a new trial.[2]

## II. SUFFICIENCY OF EVIDENCE REGARDING RECKLESS DRIVING

The defendant maintains the evidence was not sufficient to convict him of reckless driving. Reckless driving is driving a vehicle in "willful or wanton disregard for the safety of persons or property." Tenn. Code Ann. § 55-10-205(a). Willful or wanton disregard is a "heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to another." State v. Wilkins, 654 S.W.2d 678, 679 (Tenn. 1983). It is a factual question properly determined from all the circumstances. *Id.* at 680.

Officer Robert White testified he stopped the defendant who was traveling on a two-lane thoroughfare in a residential area. White described the road as "not narrow" and as having slight hills. White said the defendant "drifted over towards the curve and then came around the turn" rather than hugging the center of the curb or the lane divider. He testified he stopped the defendant because he was traveling 47 miles per hour in a 35 miles per hour zone. White indicated he observed the defendant's driving only briefly before stopping him for speeding. He testified he charged the defendant with reckless driving because he thought it was a lesser-included offense of DUI.[3]

Excessive speed can, under certain facts and circumstances, be sufficient evidence to sustain a conviction for reckless driving. Wilkins, 654 S.W.2d at 680. However, this court has often reversed reckless driving convictions where the defendants were speeding and the remaining facts and circumstances were not sufficient to support a finding of willful or wanton disregard. *See* State v. Christopher Brown, C.C.A. No. 03CO1-9707-CR-00304, 1998 Tenn. Crim. App. LEXIS 776 (Tenn. Crim. App. July 30, 1998, at Knoxville); State v. Wanda Kay Zaid, C.C.A. 01C01-9703-CC-00081, 1998 Tenn. Crim. App. LEXIS 320 (Tenn. Crim. App. Mar.17, 1998, at Nashville), *perm. to app. denied* (Tenn. 1998); State v. Ronald Mitchell, C.C.A. No. 02C01-9702-CC-00070, 1997 Tenn. Crim. App. LEXIS 871 (Tenn. Crim. App. Sept. 15, 1997, at Jackson), *perm. to app. denied* (Tenn. 1998). Similarly, though the proof in the instant case established that the defendant was exceeding the speed limit by twelve miles per hour, this alone is insufficient; the totality of the evidence was insufficient to support a conviction for reckless driving. Therefore, the defendant's conviction is reversed.

---

[2] Although the state will be unable upon remand to utilize the testing officer to establish the test result, the state is not necessarily precluded from utilizing an expert witness to establish a blood alcohol reading. The Sensing requirements only relate to non-expert testimony. 843 S.W.2d at 416. We voice no opinion on whether expert testimony can possibly establish a reading of .10% or more in this case.

[3] Reckless driving is not a lesser-included offense of DUI. *See* State v. Treva Dianne Green, C.C.A. E1999-02204-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 954, at *16 (Tenn. Crim. App. Dec. 14, 2000, at Knoxville), *perm to app. denied* (Tenn. 2001).

Although moot, we will address the remaining issues in the event of further appellate review.


### III. TRIAL COURT'S INSTRUCTION TO PROSECUTOR

The defendant complains the trial court improperly instructed the prosecutor regarding the presentation of proof, which created the appearance of impropriety. This issue is waived as the defendant has failed to cite authority to support his argument. Tenn. Ct. Crim. App. R. 10(b); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997).


### IV. MANDATORY CONSENT TO BREATH ALCOHOL TEST AS CONDITION OF PROBATION

The trial court sentenced the defendant for DUI, second offense, to 11 months and 29 days, with all suspended except for 60 days of incarceration. The trial court ordered, as a condition of probation, that the defendant submit to a breath alcohol test in the event he was requested to do so by a police officer. The defendant argues the court erred by imposing this condition.

Probation, like incarceration, is a criminal sanction. Griffin v. Wisconsin, 483 U.S. 868, 874, 107 S. Ct. 3164, 97 L. Ed. 2d 709 (1987). "[A] court granting probation may impose reasonable conditions that deprive the offender of some of the freedoms enjoyed by law-abiding citizens." United States v. Knights, ___ U.S.___, 122 S. Ct. 587, 591, 151 L. Ed. 2d 497 (2001). The burden of showing a condition of probation is improper is upon the defendant. State v. Burdin, 924 S.W.2d 82, 84 (Tenn. 1996).

Probation conditions may include those "reasonably related to the purpose of the offender's sentence and not unduly restrictive of the offender's liberty, or incompatible with the offender's freedom of conscience, or otherwise prohibited by this chapter." Tenn. Code Ann. § 40-35-303(d)(9). However, this statute does not grant courts the unfettered authority to make "breathtaking" departures from conventional principles of probation. Burdin, 924 S.W.2d at 86.

We do not consider the imposed condition as similar to those found improper by our appellate courts. See id. at 87 (finding unauthorized a probation condition that required a sex offender to post a sign in his yard); State v. William M. Fahr, No. W2000-00973-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 342 (Tenn. Crim. App. May 9, 2001, at Jackson) (making a less harsh sentence conditional upon the defendant making a public confession in church of his sexual abuse of a minor held improper). Upon a driver's arrest, based upon an officer's reasonable belief that the driver is under the influence of an intoxicant, the driver may be requested to submit to a test to ascertain the blood alcohol content. Tenn. Code Ann. § 55-10-406(a)(1) (Supp. 2001). The driver is expected to comply with such a request; otherwise, a sanction, though not a criminal sanction, of revocation of driving privileges is imposed. See Tenn. Code Ann. § 55-10-406(a)(3) (Supp. 2001). Thus, we do not believe it to be unreasonable to require a probationer to comply with the request as a condition of probation.

We do note that defendant's driver's license is revoked for two years, and he should not be driving at all.  Nevertheless, should he be driving, it would not be unreasonable to require him to submit to a blood alcohol test pursuant to statute.

The Sentencing Reform Act grants trial courts great latitude in imposing conditions upon probationers. <u>Burdin</u>, 924 S.W.2d at 85.  The principles of sentencing require trial courts to consider the interests of society and the defendant. *Id.*  We conclude the condition imposed by the trial court is a reasonable and permissible one for the trial court to impose upon this multiple DUI offender.

## CONCLUSION

Accordingly, we reverse and dismiss the charge of reckless driving; we reverse and remand for a new trial on the charges of DUI and DUI *per se*.

_____
JOE G. RILEY, JUDGE

-6-