IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 25, 2005

## STATE OF TENNESSEE v. CLIFFORD A. DAVIS

**Appeal from the Circuit Court for Humphreys County**
**No. 10601     Robert E. Burch, Judge**

---

**No. M2005-00270-CCA-R3-CD - Filed January 20, 2006**

---

The Appellant, Clifford A. Davis, appeals the revocation of his probation by the Humphreys County Circuit Court. Davis' revocation stems from his violation of Rule 7 of the conditions of probation which provides: "I agree to a search, without a warrant, of my person, vehicle, property, or place of residence by any Probation/Parole officer or law enforcement officer, at any time." Davis does not deny that he refused his probation officer's request to search his residence. Rather, he argues that Rule 7 is unconstitutional in that it infringes upon his Fourth Amendment rights. Finding no constitutional error, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Haylee Bradley, Ashland City, Tennessee, for the Appellant, Clifford A. Davis.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Lisa Donegan, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

On October 12, 2004, the Appellant pled guilty to possession of methamphetamine for resale, a Class C felony, and possession of marijuana for resale, a Class E felony. Under the terms of the plea agreement, the Appellant received a four-year sentence for the Class C conviction and a two-year sentence for the Class E conviction. The sentences, which were ordered to run concurrently, were suspended, and the Appellant was placed on four years supervised probation.

Rule 7 of the Appellant's conditions of probation provided: "I agree to a search, without a warrant, of my person, vehicle, property or place of residence by any Probation/Parole officer or law enforcement officer, at any time." The Appellant's probation officer testified that he specifically reviewed Rule 7 with the Appellant because, "I wanted him to understand that he was subject to search. . . ." The probation office further advised that Rule 7 was a relatively new rule of probation which was implemented by his department in August 2004.

On November 3, 2004, the Appellant's probation officer, accompanied by two law enforcement officers, appeared at the Appellant's residence and requested permission to search. The Appellant refused permission to search his residence, despite being informed that the refusal constituted a violation of probation.

At the revocation hearing, both law enforcement officers testified that shortly after the Appellant was placed on probation, they received numerous complaints of traffic in and out of the Appellant's residence. Based upon these complaints, the officers began a surveillance of the residence and observed individuals known to be involved in the manufacture of methamphetamine, most of whom had been convicted or had cases pending, entering the Appellant's residence.

At the conclusion of the hearing, the trial court revoked the Appellant's probation concluding that the "search [was] done in good faith, not for malicious or harassing purpose [,] but in accordance with the purpose of Rule 7 of the probation order." The Appellant's original effective sentence of four years was reinstated with service in the Department of Correction.

**Analysis**

The Appellant argues that Rule 7 of his probation order, which permits a warrantless search as a condition of probation, is violative of the Fourth Amendment and Article I, Section 7 of the Tennessee Constitution in that it allows law enforcement to bypass the search warrant and probable cause requirements for searching a person's home, vehicle, and person. Moreover, he argues that because the rule has potential for abuse, the condition is inherently "unreasonable and unrealistic, harsh, oppressive and palpably unjust."

This issue appears to be one of first impression in this state. In *U.S. v. Knights*, 534 U.S. 112, 114, 122 S. Ct. 587, 589 (2001), the Supreme Court considered the constitutionality of a California probation order which included the condition that the probationer would "submit his . . . person, property, place of residence, vehicle, personal effects, to search at anytime, with or without a search warrant, warrant of arrest or reasonable cause by any probation officer or law enforcement officer."

The Court in *Knights* observed:

> The touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined "by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to

which it is needed for the promotion of legitimate governmental interests." *Wyoming v. Houghton*, 526 U.S. 295, 300, 143 L. Ed.2d 408, 419, 119 S. Ct. 1297 (1999). Knight's status as a probationer subject to a search condition informs both sides of that balance. "Probation, like incarceration, is 'a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty.'" *Griffin*, *supra at 874* (quoting G. Killinger, H. Kerper, & P. Cromwell, Probation and Parole in the Criminal Justice System 14 (1976)). Probation is "one point . . . on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service." 483 US. at 874. Inherent in the very nature of probation is that probationers "do not enjoy 'the absolute liberty to which every citizen is entitled.'" *Ibid.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480, 33 L. Ed.2d 484, 92 S. Ct. 2593 (1972)). Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.

. . . It was reasonable to conclude that the search condition would further the two primary goals of probation - - rehabilitation and protecting society from future criminal violations. The probation order clearly expressed the search condition and Knights was unambiguously informed of it. The probation condition thus significantly diminished Knight's reasonable expectation of privacy.

In assessing the governmental interest side of the balance, it must be remembered that "the very assumption of the institution of probation" is that the probationer "is more likely than the ordinary citizen to violate the law." *Griffin*, 483 U.S. at 880. . . . And probationers have even more of an incentive to conceal their criminal activities and quickly dispose of incriminating evidence than the ordinary criminal because probationers are aware that they may be subject to supervision and face revocation of probation, and possible incarceration, in proceedings in which the trial rights of a jury and proof beyond a reasonable doubt, among other things, do not apply, *see Minnesota v. Murphy*, 465 US. 420, 435 n.7, 79 L. Ed.2d. 409, 104 S. Ct. 1136 (1984). . . .

The State has a dual concern with a probationer. On the one hand is the hope that he will successfully complete probation and be integrated back into the community. On the other is the concern, quite justified, that he will be more likely to engage in criminal conduct than an ordinary member of the community. . . . Its interest in apprehending violators of the criminal law, thereby protecting potential victims of criminal enterprise, may therefore justifiably focus on probationers in a way that it does not on the ordinary citizen.

*Id.* at 118-21, 122 S. Ct. at 592. In view of the *Knights* Court's holding that a warrantless search condition of probation significantly diminishes a probationer's reasonable expectation of privacy, the Court concluded:

> We hold that the balance of these considerations requires no more than reasonable suspicion to conduct a search of this probationer's house. . . . When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable.

*Id.* at 121, 122 S. Ct. at 592.

The condition of probation permitting a warrantless search in the *Knights* case, and the issue of the constitutionality of that provision, are virtually identical to those presented in this case. However, in its holding in *Knights*, the Supreme Court found it unnecessary to decide whether warrantless searches of probationers are *per se* reasonable under the Fourth Amendment or whether a probationer's acceptance of the search condition constituted consent to a complete waiver of his Fourth Amendment rights under the consent standards of *Schneckloth v. Bustamonte*, 412 U. S. 218, 93 S. Ct. 2041 (1973).[1] Irrespective of these concerns, the Court concluded that the search was otherwise reasonable "under the Court's general Fourth Amendment 'totality of the circumstances' approach, *Ohio v. Robinette*, 529 U. S. 33, 39, 117 S. Ct. 417 (1996), with the search condition being a salient circumstance." *Knights*, 534 U. S. at 118; 122 S. Ct. at 591.

As in *Knights*, we find it unnecessary to address the broader issue of the constitutionality of the warrantless search condition of probation. Nonetheless, we conclude that a search of the Appellant's residence in this case was permitted because: (1) the warrantless search provision was reasonably related as a condition of the Appellant's probation;[2] and (2) the attempted warrantless search of the Appellant's residence was supported by reasonable suspicion. Accordingly, we conclude that the Appellant's refusal to submit to a search under these circumstances constituted a violation of the condition of probation.

---

[1] Our supreme court has held that while "the Fourth Amendment proscribes unreasonable searches and seizures, it does not proscribe voluntary cooperation." *State v. Cox*, 171 S.W.3d 174, 184 (Tenn. 2005) (citing *Florida v. Bostick*, 501 U. S. 429, 439, 111 S. Ct. 2382 (1991); *Schneckloth v. Bustamonte*, 412 U. S. 218, 243, 93 S. Ct. 2041 (1973)) (holding that "there is nothing constitutionally suspect in a person[ ] voluntarily allowing a search"). The court further concluded that the same is true under Article I, section 7 of our own constitution. *Id.*

[2] In Tennessee, the trial judge is provided discretion to impose conditions of probation "reasonably related to the purpose of the offender's sentence." T.C.A. § 40-35-303(d)(9) (2003); *State v. Burdin*, 924 S.W.2d 82, 85 (Tenn. 1996). In this case, we conclude that in view of the Appellant's two drug convictions, the condition of probation permitting a warrantless search of the Appellant's home, vehicle, and person was reasonably related to the purpose of the Appellant's sentence.

In a related issue, the Appellant argues that his consent to the warrantless search condition was contaminated by duress and coercion. He asserts that "[b]y being placed in a situation that required the [Appellant] to give up his right to privacy or go to prison, the [Appellant] was certainly under duress, and did not freely consent to future searches, when he signed the probation order."

A probationer's waiver of his Fourth Amendment rights is no less voluntary than the waiver of rights by a defendant who pleads guilty to gain the benefit of a plea bargain. *See Bordenkircher v. Hayes*, 434 U. S. 357, 360-64, 98 S. Ct. 663, 666-68 (1978). A probationer consents to the waiver of his Fourth Amendment rights in exchange for the opportunity to avoid incarceration. If a defendant who pleads guilty informs the sentencing court that he will not abide by conditions of probation, the court clearly is within its authority to deny probation. The choice belongs to the defendant. Accordingly, we see no reason to deny a defendant the right to waive his Fourth Amendment rights in order to secure the benefits of probation. As such, the Appellant's argument of invalid consent is without merit.

## CONCLUSION

Based upon the foregoing, the decision of the Humphreys County Circuit Court revoking the Appellant's probation is affirmed.

_____
DAVID G. HAYES, JUDGE