IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 1, 2025

**STATE OF TENNESSEE v. JOHNNY GRAHAM**

**Appeal from the Criminal Court for Shelby County**
**No. 22-01754      David L. Pool, Judge**

_____

**No. W2024-01223-CCA-R3-CD**

_____

The Defendant, Johnny Graham, was convicted of possession of cocaine with the intent to sell or deliver and possession of a firearm by a convicted felon. The trial court sentenced the Defendant to a term of nine years and placed him on probation. Thereafter, the Defendant was arrested for the unlawful possession of cocaine and multiple firearms. Following a hearing, the trial court fully revoked the Defendant's suspended sentences and ordered him to serve the full term in the Tennessee Department of Correction. On appeal, the Defendant argues that the trial court abused its discretion in fully revoking his suspended sentences. Upon our review, we respectfully disagree and affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgments of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and KYLE A. HIXSON, JJ., joined.

Phyllis Aluko, Chief Public Defender, and Barry W. Kuhn, Assistant Public Defender (on appeal); and Mozella T. Ross, Assistant Public Defender (at hearing), Law Office of the Shelby County Public Defender, for the appellant, Johnny Graham.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Forrest M. Edwards, Melanie Headley, and Jose F. Leon, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

On January 24, 2023, the Defendant pled guilty to possession of cocaine with intent to sell or deliver and possession of a firearm by a convicted felon. The trial court sentenced the Defendant to three years for the controlled substance offense and six years for the firearms offense. The court aligned the sentences consecutively and placed the Defendant on probation for the nine-year term.

Three months later, Detective Antonio Isabel of the Memphis Police Department executed a search warrant at the Defendant's residence. The warrant was based on information received from confidential informants who had purchased cocaine from the Defendant at this location. During the search, police found powder cocaine, crack cocaine, and marijuana, along with a handgun and two rifles. Another officer, Jarrod Hurst, later found additional cocaine on the Defendant during his arrest. Based on these findings, a probation violation warrant was filed, and the Defendant was arrested on January 12, 2024.

The trial court held a probation revocation hearing on August 12, 2024, during which Detective Isabel and Officer Hurst testified to the above facts. Crediting the officer's testimony, the trial court determined by a preponderance of the evidence that the Defendant violated his probation conditions by possessing cocaine with the intent to sell and also actually selling cocaine. The court also considered the Defendant's extensive criminal history, which included at least six felony convictions, more than twenty misdemeanor convictions, and a previous revocation of a suspended sentence. The trial court concluded that these factors demonstrated the Defendant's inability to comply with probation conditions and showed he posed a continued risk to public safety. Consequently, the trial court fully revoked his probation and ordered him to serve his original nine-year sentence in custody.

The trial court's revocation order was filed on August 12, 2024, and the Defendant filed a timely notice of appeal two days later.

## STANDARD OF APPELLATE REVIEW

Our supreme court has recognized that 'the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'' *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case concerns the propriety of the trial court's decision to fully revoke the Defendant's suspended sentences. We review this issue for an "abuse of discretion with a presumption of reasonableness so long as the trial court places

sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). However, if the trial court does not make such findings, then this court "may conduct a de novo review if the record is sufficiently developed for the court to do so, or [we] may remand the case to the trial court to make such findings." *Id.* In this case, because the trial court made sufficient findings on the record to support its decisions regarding the violation and consequence determinations, we review those decisions for an abuse of discretion, applying a presumption of reasonableness.

## ANALYSIS

In this appeal, the Defendant argues that the trial court abused its discretion in ordering that he serve his sentences as a consequence of the probation violation. The Defendant does not specifically challenge that he violated his probation, but he argues instead that the trial court failed to consider several factors related to his rehabilitation. The State responds that the trial court acted within its discretion in fully revoking the Defendant's suspended sentences. We agree with the State.

When a trial court imposes a sentence for criminal conduct, the court may suspend the sentence for an eligible defendant and place that defendant on probation. *See* Tenn. Code Ann. §§ 40-35-103; 40-35-303(b). The trial court may also require the defendant to comply with various conditions of probation, provided those conditions are suitable to facilitate rehabilitation or protect the safety of the community. *State v. Holmes*, No. M2020-01539-CCA-R3-CD, 2022 WL 2254422, at *16 (Tenn. Crim. App. June 23, 2022) ("The primary purpose of [a] probation sentence, however, 'is [the] rehabilitation of the defendant,' . . . and the conditions of probation must be suited to this purpose." (quoting *State v. Burdin*, 924 S.W.2d 82, 86 (Tenn. 1996))), *no perm. app. filed*; *see also* Tenn. Code Ann. § 40-28-302(1) (2018).

As long as a defendant complies with the conditions of the suspended sentence, the defendant will remain on probation until the sentence expires. *See State v. Rand*, 696 S.W.3d 98, 106 (Tenn. Crim. App. 2024). However, if a defendant violates a condition of probation, then the trial court may address the violation as it "may deem right and proper under the evidence," subject to various statutory restrictions. Tenn. Code Ann. § 40-35-311(d)(1) (Supp. 2021). As such, the nature of a probation revocation proceeding involves a two-step process with "two distinct discretionary decisions." *Dagnan*, 641 S.W.3d at 757. As our supreme court confirmed in *Dagnan*, the first step is to determine whether the defendant has violated a condition of probation, and the second is to determine the appropriate consequence of that violation. *Id.*

## A. THE VIOLATION DETERMINATION

As to the first step, a trial court cannot find a violation of the conditions of probation unless the record supports that finding by a preponderance of the evidence. *See* Tenn. Code Ann. § 40-35-311(d)(1); *State v. Williams*, 673 S.W.3d 255, 259 (Tenn. Crim. App. 2023). Relevant to this case, "compliance with our state laws is an automatic condition of a suspended sentence, and when a trial court learns that a defendant has violated the law, it has the power to initiate revocation proceedings." *State v. Stubblefield*, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997). As this court has recognized in the context of felony probation, "The probation statute provides for two categories of probation violations, technical and non-technical, with differing penalties for both." *State v. Walden*, No. M2022-00255-CCA-R3-CD, 2022 WL 17730431, at *3 (Tenn. Crim. App. Dec. 16, 2022) (citing Tenn. Code Ann. § 40-35-311(e)(2) (Supp. 2021)). In felony probation cases, a trial court's authority to revoke probation fully for criminal conduct is generally limited to non-technical violations consisting of new felonies or Class A misdemeanor offenses. *Id.*; Tenn. Code Ann. § 40-35-311(g) (Supp. 2022).

In this case, the Defendant was on probation for felony offenses, and the trial court found that the Defendant violated his probation conditions by unlawfully possessing and selling cocaine.[1] This new conduct includes at least two felony offenses. *See* Tenn. Code Ann. §§ 39-17-417(c) (2018). On appeal, the Defendant does not challenge the trial court's finding that he violated the conditions of his probation through the new criminal conduct or that the new criminal conduct was felonious. As such, we conclude that the record supports the trial court's finding that the Defendant committed a non-technical violation of probation. *See State v. Penny*, No. W2023-00912-CCA-R3-CD, 2024 WL 1803264, at *2 (Tenn. Crim. App. Apr. 25, 2024) ("On appeal, the Defendant does not dispute that he violated his probation through this criminal conduct, and, as such, we conclude that the record supports a finding that the Defendant committed a violation of probation."), *perm. app. denied* (Tenn. Oct. 25, 2024).

## B. THE CONSEQUENCE DETERMINATION

As to the second step, "the consequence determination essentially examines whether the beneficial aspects of probation are being served and whether the defendant is amenable to continued probation." *Rand*, 696 S.W.3d at 106 (citation and internal quotation marks

---

[1] In its oral announcement, the trial court also found that the Defendant possessed a firearm after having been convicted of a felony offense. This conduct likewise constitutes a felony. *See* Tenn. Code Ann. § 39-17-1307(b), (c). Although the court did not reaffirm this finding in its subsequent written order, its unchallenged findings in that order are sufficient to support the conclusion that the Defendant committed a non-technical violation of his probation.

omitted). As the supreme court observed in *Dagnan*, a trial court may consider factors relevant to the nature and seriousness of the present violation, the defendant's previous history on probation, and the defendant's amenability to future rehabilitation. *See Dagnan*, 641 S.W.3d at 759 n.5. Factors important to a defendant's amenability to rehabilitation "may include the defendant's acceptance of responsibility and genuine remorse, as well as whether the defendant will comply with orders from the court meant to ensure his or her effective rehabilitation." *Rand*, 696 S.W.3d at 106; Tenn. Code Ann. § 40-35-102(3)(C) (2019). A trial court may also consider whether the defendant poses a danger to the community or individuals in it. *See* Tenn. Code Ann. § 40-28-302(1).

In both its oral announcement and written order, the trial court identified several reasons for its decision to fully revoke the Defendant's suspended sentences. First, it found that the Defendant committed multiple felony offenses while he was on probation for a felony. This consideration is related to the seriousness of the violation, which is expressly authorized by *Dagnan*. *See Dagnan*, 641 S.W.3d at 759 n.5. Indeed, this court has recognized that "[t]he seriousness of the violation only increases when the probationer continues to commit new felony offenses while on probation for a felony." *State v. Everett*, No. E2022-00189-CCA-R3-CD, 2022 WL 16643628, at *4 (Tenn. Crim. App. Nov. 3, 2022) (citation omitted), *no perm. app. filed*; *State v. Thompson*, No. M2023-01424-CCA-R3-CD, 2024 WL 3549189, at *3 (Tenn. Crim. App. July 26, 2024) ("We agree that the nature of the violations is serious, as the Defendant committed a new felony offense even though he was already on probation for two felonies."), *no perm. app. filed*.

Second, the trial court considered the Defendant's lengthy criminal record in light of the new felony offenses. Again, this was a proper consideration for the trial court and one also expressly authorized by *Dagnan*. *See Dagnan*, 641 S.W.3d at 759 n.5. Excluding the offenses for which the Defendant was on probation, the court observed that the Defendant had six prior felony convictions going back thirty years and that he had over twenty misdemeanor convictions. It also noted that each felony conviction involved the unlawful possession of a controlled substance.

Because the rehabilitative goals of probation are directed to lawful conduct and public safety, this court "has long recognized that where the probationer continues to commit new crimes, the beneficial aspects of probation are not being served." *State v. Robinson*, No. E2024-00176-CCA-R3-CD, 2024 WL 4554688, at *3 (Tenn. Crim. App. Oct. 23, 2024) (citation omitted), *no perm. app. filed*. In this case, the trial court examined the extent, nature, and duration of the Defendant's history of criminal conduct. It also observed that the Defendant's past crimes were repeated in the present violations, a fact which "shows that the Defendant cannot or will not abide by the first rule of probation: maintaining lawful conduct." *State v. Tobin*, No. E2022-00604-CCA-R3-CD, 2023 WL 176108, at *4 (Tenn. Crim. App. Jan. 9, 2023), *no perm. app. filed*. The trial court properly

considered the nature and seriousness of the Defendant's criminal record as part of the consequence determination.

Finally, the trial court considered that the Defendant had a previous suspended sentence revoked. This court has recognized that prior violations of probation "may show that the defendant has poor potential for rehabilitation and is unwilling to engage in rehabilitative efforts." *Thompson*, 2024 WL 3549189, at *4 (quoting *Everett*, 2022 WL 16643628, at *4). As such, the trial court appropriately considered this factor as part of the consequence determination. *See Dagnan*, 641 S.W.3d at 759 n.5.

Pushing against these considerations, the Defendant argues that the trial court abused its discretion by failing to consider other evidence of his rehabilitative potential. For example, he asserts that the trial court did not consider an updated risk and needs assessment. He also argues that the court failed to consider the absence of recent criminal conduct and his own unsworn statements following the court's announcement.

As an initial matter, the supreme court has been clear that a trial court's findings need not be "particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful review of the revocation decision." *Dagnan*, 641 S.W.3d at 759 (citing *State v. Bise*, 380 S.W.3d 682, 705-06 (Tenn. 2012)). Implicit in this standard is that a trial court is not required to exhaustively review on the record every possible factor that could relate to the consequence determination in a particular case. Instead, the trial court should "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority[.]" *See Bise*, 380 S.W.3d at 706.

With respect to the Defendant's other arguments regarding his rehabilitation, the trial court's written order stated that it considered the evidence presented at the hearing, the arguments of counsel, and the record as a whole in making its decision regarding both aspects of the revocation decision. The court also provided sufficient analysis to confirm that it had a reasoned basis for exercising its discretion. It identified and applied the correct legal standards, announced findings that were supported by the record, and made a reasoned choice between acceptable alternatives. *See Thompson*, 2024 WL 3549189, at *4. The trial court's decision is entitled to a presumption of reasonableness, and the Defendant's disagreement with the court's weighing of the evidence does not show an abuse of discretion.

With respect to the Defendant's claim that the trial court failed to consider the results of a risk and needs assessment, we recognize that trial courts are not required to consider this information in the consequence determination. Unlike sentencing, where the trial court's consideration of the risk and needs assessment is mandatory, the General Assembly

has not required courts to consider this information in revocation proceedings. *Compare* Tenn. Code Ann. § 40-35-210(b)(8) (providing that the sentencing court "shall consider" the risk and needs assessment) *with* Tenn. Code Ann. § 40-35-311(f) (providing that the revocation court "may consider" the results of an updated risk and needs assessment). Thus, while the trial court had the discretion to consider an updated risk and needs assessment, its revocation decision is not rendered unreasonable simply because it did not do so. The Defendant is not entitled to relief.

**CONCLUSION**

In summary, we hold that the record supports the trial court's finding that the Defendant committed a non-technical violation of his probation. We also hold that the trial court acted within its discretion to fully revoke the Defendant's suspended sentences as a consequence of that violation. Accordingly, we respectfully affirm the trial court's judgments.

s/ **_Tom Greenholtz_**
TOM GREENHOLTZ, JUDGE

-7-