IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2004

## STATE OF TENNESSEE v. FELICIA MURPHY

**Direct Appeal from the Circuit Court for DeKalb County**
**No. 01-159     John J. Maddux, Jr., Judge**

_____

### No. M2003-02466-CCA-R3-CD - Filed June 29, 2004

_____

The appellant, Felicia Murphy, appeals the sentencing decision of the DeKalb County Circuit Court following revocation of her probation. In December 2001, Murphy pled guilty to misdemeanor reckless endangerment and received a sentence of eleven months and twenty days, which was to be suspended after service of ten days. While on probation Murphy was found to be in violation of her probation, resulting in the extension of her probationary period for an additional six months. On the day before this extended period was to expire a violation warrant was issued, which alleged numerous violations of conditions of her probation. Following a hearing, the trial court revoked her probation and ordered reinstatement of her original sentence. On appeal, she argues that the trial court "acted too harshly" by revoking her sentence and, instead, should have extended her probationary period for one year. Finding no merit to Murphy's claim, the judgment of the trial court revoking her probation and ordering reinstatement of her original eleven-month and twenty-nine-day sentence is affirmed.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, J.J., joined.

David Brady, Public Defender; and John B. Nisbet, III, Assistant Public Defender, Cookeville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; David H. Findley, Assistant Attorney General; William Gibson, District Attorney General; and William Locke, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## Factual Background

On December 3, 2001, a DeKalb County grand jury returned an indictment against the Appellant, charging her with felony reckless endangerment of her newborn child. On December 13, 2001, she pled guilty to misdemeanor reckless endangerment and received a sentence of eleven months and twenty days, to be suspended after service of ten days in the county jail.

On February 12, 2002, a violation of probation warrant was issued, alleging that the Appellant failed to report to her probation officer and failed to pay court costs and supervision fees as directed. A superseding warrant was issued on May 23, 2002, alleging that she was arrested for driving on a revoked license, failed to report this new arrest to her probation officer, failed to report to her probation officer for the month of May, and failed to inform her probation officer that she had left her place of employment. Following a hearing, the trial court found that she violated the conditions of her probation and extended her probationary period for an additional six months, with an expiration date of August 28, 2003.

A third violation of probation warrant was issued on August 27, 2003, alleging the following violations:

> Rule 1: I will not violate any law . . . Probationer committed four acts of Forgery and one act of Theft Under $500 on or about 8/18/03 while in DeKalb County TN.

> Rule 3: I will make a full and truthful report . . . Probationer has failed to report for the month of August, 2003.

> Rule 6: Pay all court costs, fines, and restitution as instructed . . . Probationer owes a balance of $454.50 as of 8/26/03.

> Rule 7: Pay a probation supervision fee . . . Probationer owes a balance of $275 as of 8/26/03.

> Rule 9: Perform Community Service Work . . . Probationer was ordered to complete (50) hours of Community Service Work and has failed to do so.

> Rule 10: I will work at a lawful occupation . . . Probationer has failed to obtain or provide verification of employment as of 8/26/03.

A revocation hearing was held on September 30, 2003. The Appellant's probation officer, Jason Lewis, testified concerning the above violations. The proof revealed that the Appellant failed to report for her scheduled meeting on August 15th, and that she owed $57 in supervision fees and $254.50 in court costs.

Officer Gary Harris of the Smithville Police Department testified that, on August 25, 2003, he investigated an argument between the Appellant and her mother. The Appellant gave a statement admitting that "she had taken her mother's checkbook" and written four checks for cash. The checkbook was recovered from the location identified by the Appellant. Officer Harris conducted the investigation for the two checks written inside the city limits of Smithville, and two affidavits of forgery were signed on September 16th. Apparently, no charges were ever filed regarding the other two checks.

The Appellant testified that she was twenty-three years old and had three children, ages two, four, and seven. The Appellant contended that, instead of community service work, she was instructed to attend anger management classes. However, she admitted that she had attended only seven or eight classes, and the program was twelve weeks in duration. According to the Appellant, her probation officer was aware that she was working at the East Side Inn. She stated that she quit working at the East Side Inn in late July because she could only get ten hours of work per week and, since that time, was only able to obtain part-time employment. She claimed that she missed her appointment of August 15th because she was out-of-town. Additionally, she admitted that she had stolen her mother's checkbook but stated that she had contacted the victims and planned to make restitution. She requested the court to again extend her probationary period so she could care for her children, as the children's father was incarcerated and there was no one else to care for them.

At the conclusion of the hearing, the trial court revoked the Appellant's probationary status and ordered her to serve the remainder of her eleven-month and twenty-nine-day sentence incarcerated, finding that:

> This Court has a great deal of compassion for a woman who has children under these circumstances, and the Court just doesn't understand why a mother who is responsible for these three children would put herself in a position to where she would violate her probation two times. It's one thing to violate your probation once, but to violate it two times is something else again.
>
> . . .
>
> The reasons that the probation is going to be violated here today is Number 1, the Defendant failed to report at the time she was supposed to report to her probation officer. Number 2, she didn't report the forgery and theft cases to her probation officer as she was required to do. And Number 3, she didn't follow the directives of her probation officer. She was directed to either complete a 50 hour community service program or to attend 12 consecutive weeks of anger management. And apparently she went to about 7 or 8 of the 12 weeks of anger management, but she did not complete the entire course.
>
> In addition, this is the Defendant's second violation of probation. . . .

The Defendant is not working, as she was required to do. She does have the ability to work.

It's apparent from the Defendant's own testimony that she took her mother's checkbook and she wrote several checks to businesses in Smithville and here in DeKalb County. . . . And she simply violated the law, even though she was on probation.

The Appellant appeals this ruling, arguing that "the trial court acted too harshly when it required [her] to serve her entire sentence after the trial court revoked [her] probation on a violation of probation warrant taken out one day before her probation expired." Relying on Tennessee Code Annotated section 40-35-308(c),[1] she contends that "the trial court erred by not extending her probation for one (1) year."

## ANALYSIS

This court reviews a revocation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)). This means that the evidence need only show that the trial judge has exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." *State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App.1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment.

Upon finding by a preponderance of the evidence that a defendant has violated the terms of his probation, the trial court is authorized to order the defendant to serve the balance of his original sentence in confinement. *See* Tenn. Code Ann. §§ 40-35-310, -311(e) (2003); *Harkins*, 11 S.W.2d at 82. In the alternative, "at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years." Tenn. Code Ann. § 40-35-308(c); *see also State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999). Section 40-35-308(c) "addresses situations where a defendant violates his or her probation near the end of the term and, instead of ordering complete incarceration, a trial court *might desire* to extend the defendant's period of probation supervision." Tenn. Code Ann. § 40-35-308, Sentencing Commission Comments (emphasis added).

In the present case, the Appellant does not challenge the trial court's findings that she violated the conditions of her probation, arguing only that revoking her sentence produced too harsh

---

[1]The Appellant also cites *State v. Hunter*, 1 S.W.3d 643 (Tenn. 1999), and "submits that she is just like the defendant in State v. Hunter, a few days short of being off probation completely, and reinstating her original sentence . . . produces too harsh a result on her." Her reliance on this case is misplaced, as revocation of the Appellant's sentence in that case was affirmed.

a result. The very reason for probation is to give those who violate society's rules of conduct an opportunity to rehabilitate themselves and be restored to "useful and productive citizenship." *State v. Burdin*, 924 S.W.2d 82, 86 (Tenn. 1996). The Appellant had previously been given a second chance when the trial court extended her probationary period for an additional six months. The record is undisputed that the Appellant failed to report, failed to pay supervision fees and court costs, failed to provide verification of income or employment, failed to successfully complete anger management courses, and violated the law by forging four of her mother's checks. The State gave the Appellant every opportunity to remedy her defaults. The Appellant's flagrant abuse of her judicially granted liberty is indefensible. In the case before us, the trial court was statutorily authorized to reinstate the Appellant's original eleven-month and twenty-day sentence. Accordingly, no abuse of discretion is shown.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court did not abuse its discretion in ordering the appellant to serve the balance of her original sentence in confinement. The judgment of the DeKalb County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE