# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
May 28, 2003 Session
Heard at Cookeville[1]

## STATE OF TENNESSEE v. KEENA MATHES

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Washington County**
**No. 25717      Robert E. Cupp, Judge**

---

### No. E2001-00753-SC-R11-CD - Filed August 27, 2003

---

In this appeal, the appellant asserts that the trial court erred in ordering that she legitimate her youngest child as a condition of probation. Having carefully reviewed the issues raised by the parties, we hold that the trial court erred in requiring the appellant to legitimate her child as a condition of probation. Accordingly, we reverse the judgment of the Court of Criminal Appeals affirming the legitimation condition and remand the case for proceedings consistent with this opinion.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Case Remanded

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

Deborah Black Huskins and David F. Bautista, Johnson City, Tennessee, and Steve McEwen, Mountain City, Tennessee, for the Appellant, Keena Mathes.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Christine M. Lapps, Assistant Attorney General, for the Appellee, State of Tennessee.

---

[1]This case was heard as part of the May 28, 2003, S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project in Cookeville, Putnam County, Tennessee.

**OPINION**

## I. Factual and Procedural Background

On January 5, 2000, the Grand Jury for Washington County, Tennessee, returned an indictment charging Keena Mathes, the appellant, with aggravated assault. On May 17, 2000, a jury found Ms. Mathes guilty of the lesser offense of reckless aggravated assault. In the sentencing hearing on May 8, 2001, the trial court acknowledged that Ms. Mathes was eligible for judicial diversion pursuant to Tennessee Code Annotated section 40-35-313. The trial court, however, sentenced Ms. Mathes to the minimum term of two years as a Range I standard offender and placed her on probation for three years. The trial court ordered her to pay $1,187.40 in restitution to the victim for medical bills and lost wages as a result of the assault. The trial court also reduced the $4,000 fine previously assessed by the jury to $500. The restitution and fines were ordered to be paid in $75 monthly installments. Finally, as conditions of probation, the court required that Ms. Mathes provide a DNA sample and that she legitimate her youngest child.

The presentence report and proof at the sentencing hearing showed that Ms. Mathes is a high school graduate, has no prior adult criminal record, does not use illegal drugs or abuse alcohol, and has no mental or physical problems. She has an eight-year-old son and a nine-month-old daughter by two different fathers. The two children reside with her. Ms. Mathes has never married, and no child support has been ordered for either child. Ms. Mathes testified that she works full-time earning $6.25 per hour and that she sometimes works overtime. She earns between $435 and $525 in a two-week pay period. Ms. Mathes recited her monthly expenses as follows: $289 for rent, $50-$60 for utilities, $200 for food, $200 for babysitting, $40 for transportation to work, and $40-$50 for cable television. Her mother and aunt assist her by providing clothing for her children. In addition, the father of her youngest child helps her financially and assists in caring for their daughter when she is at work. In the presentence report, Ms. Mathes stated that she could pay between $25 and $50 per month toward restitution or fines.

The trial court concluded that Ms. Mathes could not afford to pay the $75 per month in restitution ordered by the trial court unless she received court-ordered child support. The court was concerned that the additional $75 monthly expense would compromise Ms. Mathes' ability to meet her children's basic needs. As a condition of her probation, the court ordered Ms. Mathes to legitimate her youngest child and to seek child support. As authority for this condition, the trial court relied upon Tennessee Code Annotated section 40-35-303(d)(1), which allows the court to impose conditions of probation requiring a defendant to meet his or her family responsibilities. The trial court did not order Ms. Mathes to legitimate her oldest child because the child's father is in a federal penitentiary.

Ms. Mathes objected to the legitimation condition, and she appealed. The State agreed with Ms. Mathes that the trial court has no authority to require that she legitimate her daughter. In spite of the positions of Ms. Mathes and the State, the Court of Criminal Appeals affirmed the trial court's order that Ms. Mathes legitimate her youngest child as a condition of probation. However, the

intermediate appellate court recognized that a judgment of conviction and suspended sentence are inconsistent with a grant of judicial diversion and remanded the case to the trial court for clarification. See Tenn. Code Ann. § 40-35-313(a)(1)(A) (1997 & Supp. 2001) (stating that upon a finding of guilt, "[t]he court may defer further proceedings against a qualified defendant and place such defendant on probation upon such reasonable conditions as it may require *without entering a judgment of guilty. . . .*") (emphasis added). We granted permission to appeal to determine whether the trial court erred in requiring the appellant to legitimate her child as a condition of probation.

## II. Standard of Review

We review sentencing issues de novo with a presumption that the court's order is correct. See Tenn. Code Ann. § 40-35-401(d) (1997). This presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The appellant has the burden of showing that a sentence is improper. Id.

## III. Analysis

Tennessee Code Annotated section 40-35-303(d) permits the trial court to impose conditions on probation. The trial court relied upon Tennessee Code Annotated section 40-35-303(d)(1) as authority for requiring that Ms. Mathes legitimate her youngest child. This section permits the imposition of conditions to "[m]eet the offender's family responsibilities." Tenn. Code Ann. § 40-35-303(d)(1) (1997 & Supp. 2001). We do not agree, however, that this section authorizes the trial court to require that she legitimate her daughter as a condition of probation.

The record does not show that Ms. Mathes is failing to meet her family responsibilities. Indeed, the trial court commented, "I don't question she's a good momma," and "[she] is doing everything that she can to support these children. She's got a good job." Clearly, Ms. Mathes is supporting her children, as the law requires. See Tenn. Code Ann. §§ 34-1-102(a), (b) (2001), 39-15-101 (1997). We disagree with the trial court that Ms. Mathes has an "obligation" to legitimate her children and that her failure to do so shows she is not meeting her family responsibilities. While child support obligations are mandatory and a parent may be criminally prosecuted for failure to support, Tennessee law does not impose an obligation on the mother of an illegitimate child to take steps to legitimate that child. Thus, we conclude that the condition that Ms. Mathes legitimate her daughter does not fit under the enumerated condition in section 40-35-303(d)(1), to "[m]eet the offender's family responsibilities."

Furthermore, we do not find that this condition is proper under the "catch-all" provision, subsection (9) of Tennessee Code Annotated section 40-35-303(d), which provides that a court may specify a condition of probation that is "reasonably related to the purpose of the offender's sentence and not unduly restrictive of the offender's liberty, or incompatible with the offender's freedom of conscience, or otherwise prohibited by this chapter." The requirement that Ms. Mathes legitimate

her daughter is not reasonably related to the purpose of her sentence. Whether the children of Ms. Mathes are legitimated or not simply has no relationship to her offense.

Although the Tennessee Criminal Sentencing Reform Act of 1989 gives trial courts great latitude in formulating punishment, the sentences imposed must conform to the principles of sentencing set forth in the Act. See State v. Burdin, 924 S.W.2d 82, 85 (Tenn. 1996). Tennessee does not permit courts to impose punishments that are "beyond the bounds of traditional notions of rehabilitation." Id. at 87. We have noted that "[t]he primary goal of probation, under the Act and the decisions of the appellate courts of this state, is rehabilitation of the defendant." Id. at 86. Another goal of punishment includes "[p]roviding an effective general deterrent to those likely to violate the criminal laws of this state." Tenn. Code Ann. § 40-35-102(3)(A) (1997). The probation condition at issue does not serve either the goal of rehabilitation or the goal of deterrence. There is no showing that as a result of legitimating her daughter Ms. Mathes would become a more productive member of society or would be less likely to commit another assault.

In determining the validity of the condition of probation that Ms. Mathes legitimate her daughter and seek child support, the trial court and Court of Criminal Appeals rely on the contemporaneous requirement that she pay restitution. "Encouraging restitution to victims where appropriate" is one of the goals of sentencing. Tenn. Code Ann. § 40-35-102(3)(D) (1997). It is within the trial court's authority to require, as a condition of probation, that an offender "[m]ake appropriate and reasonable restitution to the victim or the family of the victim involved . . . ." Tenn. Code Ann. § 40-35-303(d)(10) (1997 & Supp. 2001); see also Tenn. Code Ann. § 40-35-304(a) (1997 & Supp. 2001). The amount of restitution must be determined by considering the offender's financial resources and future ability to pay. See Tenn. Code Ann. § 40-35-304(d) (1997 & Supp. 2001). Furthermore, payment of restitution must not extend beyond the probation period. See Tenn. Code Ann. § 40-35-304(g)(2) (1997 & Supp. 2001).

Although Ms. Mathes said that she could afford to pay between $25 and $50 per month toward restitution or fines, the trial court set restitution at $75, an amount the court believed Ms. Mathes could not afford. The trial court expressed its belief that the payment of restitution would render her unable to meet her family responsibilities without court-ordered support from her daughter's father. The trial court stated,

> If I set [restitution, fines, and court costs] at fifty dollars a month, she can't meet the responsibility in the three years I've got her on. If she was receiving child support to pay for . . . things such as rent, help with the food and those sorts of things, she wouldn't be in this position.

The amount of restitution ordered, however, "does not have to equal or mirror the victim's precise pecuniary loss. Moreover, the sum must be reasonable." State v. Smith, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994). The trial court erred in attempting to facilitate payment of its order of restitution by requiring Ms. Mathes to legitimate her daughter and pursue child support. The trial

-4-

court simply should have set the restitution at an amount it believed Ms. Mathes could reasonably pay. See id. (remanding the case so that restitution could be set in an amount that the defendant could reasonably pay, based on his earnings and expenses, during the time he is in the trial court's jurisdiction); see also Tenn. Code Ann. § 40-35-304(d) (1997 & Supp. 2001) (providing that the trial court shall consider the financial resources and future ability of the defendant to pay in determining the amount and method of payment).

Ms. Mathes contends that the trial court's order requiring that she legitimate her daughter unconstitutionally infringes upon her right to privacy and equal protection of the law. We need not consider this contention because the probation condition imposed is invalid. Courts refrain from deciding constitutional issues if a case may be resolved on nonconstitutional grounds. See State v. Elkins, 83 S.W.3d 706, 713 (Tenn. 2002); State v. Burdin, 924 S.W.2d 82, 87 (Tenn. 1996).

## IV.  Conclusion

In conclusion, the trial court may not require Ms. Mathes to legitimate her daughter as a condition of probation. We therefore reverse that part of the Court of Criminal Appeals' opinion upholding the legitimation condition and remand this case to the trial court for proceedings consistent with this opinion. On remand, the trial court should clarify whether Ms. Mathes should receive a suspended sentence or whether she should be granted judicial diversion. In addition, if the trial court's finding that Ms. Mathes cannot afford the restitution it ordered is correct, then the amount of restitution should be reduced. Costs of this appeal are taxed against the State.

_____
JANICE M. HOLDER, JUSTICE