IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 21, 2004

## STATE OF TENNESSEE  v.  JASON D. WALKER

**Direct Appeal from the Circuit Court for Blount County**
**No. C-13500     D. Kelly Thomas, Judge**

—————————————

**No. E2003-01954-CCA-R3-CD**
**June 9, 2004**

—————————————

On December 17, 2001, Defendant, Jason D. Walker, entered a guilty plea in the Blount County Circuit Court to statutory rape. Defendant was sentenced as a Range I offender to two years to be suspended on supervised probation. Defendant was ordered, as a condition of his probation, to attend a sex offender treatment program, establish paternity of the child resulting from the offense, and pay child support. A probation violation warrant was issued. Following a revocation hearing, Defendant was sentenced to serve thirty days of his sentence in confinement and the remainder on probation. Additional probation violation warrants were subsequently issued. Following another revocation hearing, the trial court revoked Defendant's probation and ordered that Defendant serve the balance of his original sentence in confinement. Defendant appeals the trial court's revocation of probation. After reviewing the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Steve McEwen, Mountain City, Tennessee, (on appeal); Mack Garner, District Public Defender, (at trial), for the appellant, Jason D. Walker.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Tammy Harrington, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

At the August 4, 2003, revocation hearing, Terry Fowlkes, a probation officer, testified that Defendant's probation was previously revoked as a result of the March 27, 2002, probation violation warrant, which alleged that Defendant had violated his probation by failing to obtain full-time employment and failing to establish paternity, and which was later amended to include violations for having an arrest for theft and failing to report the new arrest. Defendant was ordered to serve

thirty days in the Blount County Jail. Defendant was permitted to serve the thirty-day sentence on weekends if he was employed full-time. Additional probation violation warrants were filed in September, 2002, for failing to attend a sex offender treatment program, and in December, 2002, for arrearage in payment of his probation fees. In April, 2003, Defendant was ordered to be in compliance with the conditions of his probation.

Ms. Fowlkes testified that at the time of the hearing, Defendant was in compliance with payment of his probation fees, but that he had not obtained full-time, verifiable employment and he had not attended the sex offender treatment program as instructed. Ms. Fowlkes testified that Defendant had been drug-tested regularly, and the results of his drug tests were negative. Ms. Fowlkes also testified that Defendant had submitted to a paternity test, which established that he was the father of the child, and that he paid child support.

Defendant was twenty-two years old at the time of the revocation hearing. He lived with his grandparents. Defendant testified at the hearing that paternity had been established and that he paid $287 per month in child support. Defendant admitted that he was "a little behind" in child support payments because he had been unemployed for a period of time. Defendant had been paying his probation fees and court costs. Defendant had not found a steady job, but he testified that he had been hired at Cerami-Speed to begin working full-time on the day of the hearing. Defendant testified that he had been working "side jobs," and he was unable to keep a job because of his frequent court appearances in this case. Defendant admitted that he had missed several sex offender counseling meetings. Defendant had made up some of the missed meetings, but he was behind in attendance for two meetings. Defendant was required to attend the meetings once every two weeks, and it "slip[ped]" his "mind every now and then." Defendant's daughter was two years old at the time of the revocation hearing, and the child's mother was sixteen years old. At the time of the revocation hearing, Defendant "usually" visited the child one day a week on the weekends.

The probation violation warrant filed on September 20, 2002, states that Defendant violated the conditions of his probation by failing to attend the sex offender treatment program on six dates. The warrant also stated that paternity was established in April of 2002, that Defendant's fees and court costs were current, and that he was employed full-time and was serving his thirty-day sentence on weekends. The probation violation warrant filed on December 11, 2002, alleged that Defendant had failed to pay his probation fees for three months. The probation violation warrant filed on April 3, 2003, alleged that Defendant had failed to pay his probation fees for five months.

At the conclusion of the revocation hearing, the trial court found that Defendant had violated the conditions of his probation. The trial court noted that Defendant had been given an opportunity to comply with the conditions of his probation following the first revocation, and Defendant had not fully complied. The trial court revoked probation and ordered Defendant to serve the balance of his original sentence. The trial court also gave Defendant credit for thirty days in confinement.

In this appeal, Defendant concedes that he violated the conditions of his probation by failing to attend the sex offender treatment program as instructed. Defendant argues, however, that he

otherwise complied with the conditions of his probation, by reporting to his probation officer, testing negative for drugs, paying probation fees and court costs, obtaining full-time employment, legitimating his child, and paying child support. Defendant asserts that a sentence of split-confinement and intensive probation would allow him to maintain a job and continue to pay child support.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311. The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.*; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. *Gregory*, 946 S.W.2d at 832; *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

We acknowledge that our supreme court has held that a trial court may not require as a condition of probation the legitimation of a child by a defendant who is the mother of an illegitimate child. *See State v. Mathes*, 114 S.W.3d 915 (Tenn. 2003). However, in this case, although the trial court imposed a similar condition on Defendant's suspended sentence, a violation of that condition was not alleged in the revocation warrant, and therefore is not the subject of this appeal.

At the conclusion of the revocation hearing, the trial court found as follows:

> The proof has established that [Defendant] violated the terms of his probation. This is his second violation. I think what [defense counsel] argues and proposes is an excellent idea and it is one that we tried last April. That's exactly what happened. And [Defendant] violated his probation after April. This violation was filed in September. It's been held and not heard for nine months to give [Defendant] time to follow the rules.
>
> So, with the probation violation hanging over his head, he missed six more meetings of the Sex Offender's Group and only made up three. And he has been under a child support obligation for six months and has only paid four months.
>
> Time's up. You've had your chances. Plenty of chances. And just won't do it, for whatever reason. I have no idea. And it really doesn't matter. That's your problem. This whole criminal episode began because of a totally irresponsible attitude about things, and it's continued. So, I'm not going to wait until another opportunity presents itself to be irresponsible and commit another crime like this.

-3-

I think the proof I've heard, the likelihood of rehabilitation – that is following the rules of probation – is very slim. And the record is full of that.

We conclude that substantial evidence exists to support the trial court's findings that Defendant violated the conditions of his probation. The trial court did not abuse its discretion in revoking Defendant's probation and ordering Defendant to serve the balance of his original two-year sentence in confinement.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE