IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 14, 2004

## STATE OF TENNESSEE v. THOMAS L. GOUGE

**Appeal from the Criminal Court for Sullivan County**
**No. S45,987     Phyllis H. Miller, Judge**

_____

**No. E2003-02492-CCA-R3-CD - Filed January 10, 2005**

_____

The defendant, Thomas L. Gouge, appeals from the trial court's revocation of probation requiring a sixty-day jail sentence. The order of revocation provided that the defendant reside in a work release facility for an unspecified amount of time after service of sixty days and that his probationary release was conditioned upon his refraining from taking residence "with any female to whom he is not married." The order of revocation is affirmed; the sentence, however, is modified by deleting the provision prohibiting the sharing of the residence with an unmarried woman.

**Tenn. R. App. P. 3; Judgment of the Trial Court is Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which J. CURWOOD WITT, JR. and, ALAN E. GLENN, JJ., joined.

David Crockett, Elizabethton, Tennessee (at trial), and Steve McEwen, Mountain City, Tennessee (on appeal), for the appellant, Thomas L. Gouge.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Kent Chitwood, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 3, 2003, the defendant entered a plea of guilt to driving under the influence, first offense. The trial court imposed a sentence of eleven months, twenty-nine days. After a four-day jail term, the defendant was released on probation for the remainder of his sentence.

Approximately thirty-five days later, a violation of probation warrant was issued alleging that the defendant had driven on two occasions after his licensed had been revoked. At the revocation hearing, the defendant admitted that he had violated the terms of his probation by operating his vehicle. The defendant, a manager of Service Loan and Tax in Kingsport, testified that he was engaged to be married, had one child by his fiancee, and was expecting another child. He explained

that since his conviction his fiancee, with whom he resided, had served as his driver on all but two occasions: first, when he drove to and from a probation meeting in Blountville and, second, when he drove to a meeting with a probation officer in Elizabethton. He asserted that his fiancee, who was the only other employee at his office, was working at that time and that he chose to drive because he was "afraid of getting in trouble" for missing the appointment. The defendant claimed that since the issuance of the probation violation warrant, either his fiancee provided transportation or he utilized taxi cab services. The defendant expressed particular concern that if he were jailed, he would be discharged from his employment and his fiancee would not marry him.[1]

At the conclusion of the hearing, the trial court specifically found that the testimony of the defendant, who had a prior DUI conviction, was not "credible at all." Observing that the defendant had pled guilty to violating probation, the trial court revoked probation on the balance of the sentence, pointed out that the defendant could receive "two for one credit" if he became a trusty, and determined that the defendant was immediately eligible for furloughs or work release if granted by the work release commission. When the defendant sought a reconsideration of the revocation order at a later hearing, the trial court found that because the defendant had a previous conviction for driving under the influence, he knew or should have known that he was not supposed to drive after the revocation of his license. The trial court also expressed concern about the defendant's eight-year shared-residence relationship with a fiancee, an illegitimate child in the house, and another child "on the way." After further argument, the trial court modified its order to provide for sixty days to be served in jail subject to "good time," which would translate to fifteen days credit. Another condition of release was that the defendant make arrangement so that he "is not living with some unmarried woman with her babies." The trial court directed that after his term in jail, the defendant would be required to report to the Brown Annex work release facility for "a day or two" until a separate residence was established.

In this appeal of right, the defendant argues that the trial court erred by ordering a sixty-day jail term and by requiring him to reside in the Brown Annex as a condition of probation until he made arrangements to live apart from his fiancee or "any female to whom he is not married." In response, the state submits that the sixty-day jail term is appropriate. It concedes, however, that the trial court erred by requiring the defendant to make living arrangements apart from his fiancee.

In misdemeanor sentencing, the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. The sentence must be specific and consistent with the purposes of the Act. Tenn. Code Ann. § 40-35-302(a), (b). Not greater than 75 percent of the sentence should be fixed for service by a misdemeanor offender; however, a DUI offender may be required to serve the full one hundred percent of his sentence. Tenn. Code Ann. § 40-35-302(d); Palmer v. State, 902 S.W.2d 391, 393-94 (Tenn. 1995). In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Tenn. Code Ann. § 40-35-302(d).

---

[1]The defense brief indicates that the defendant has since married his fiancee.

Upon service of the required percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. The trial court retains the authority to place the defendant on probation either immediately or after a term of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). The legislature has encouraged courts to consider public or private agencies for probation supervision prior to directing supervision by the Department of Correction. Tenn. Code Ann. § 40-35-302(f). The statutory scheme is designed to provide the trial court with continuing jurisdiction in the misdemeanor case and a wide latitude of flexibility. The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). Appellate review of misdemeanor sentencing is de novo with a presumption of correctness. See State v. Troutman, 979 S.W.2d 271 (Tenn. 1998). If the trial court's findings of fact are adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991).

Our general law provides that a trial court may revoke a sentence of probation upon finding that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). A trial judge's decision to revoke a defendant's release should not be disturbed unless there is an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In order to prevail under the abuse of discretion standard, the defendant must establish that the record contains "no substantial evidence to support the conclusion of the trial judge that a violation of the conditions . . . occurred." Id.

The trial judge is not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Rather, the existence of a violation of probation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40- 35-311(e).

In this instance, the defendant acknowledges that he violated the terms of his probation by driving on a revoked license on two separate occasions. In the appeal, the defendant merely asserts that the term is onerous given the facts of the case. Although the record establishes that the defendant was gainfully employed and provided a residence and support for his fiancee and child, he did, in fact, have a prior driving under the influence offense. The trial court observed that some of his testimony lacked candor. The record supports the fact that the defendant, while not necessarily untruthful, was not entirely forthcoming in his responses to questioning. Under these circumstances, it cannot be said that the trial court abused its discretion by revoking probation and imposing a sixty-day term of confinement.

On the other hand, the terms of the defendant's probation following the service of sixty days must be modified. In State v. Mathis, 114 S.W.3d 915, 918 (Tenn. 2003), our supreme court ruled that conditions of probation must reasonably relate to the purpose of the sentence and must serve either "the goal of rehabilitation or the goal of deterrence." In that case, the trial court was not permitted to require the defendant to legitimate his daughter as a condition of probation on a conviction of reckless aggravated assault. Id. Tennessee Code Annotated Section 40-35-303(d)(9) permits trial courts to impose only "conditions reasonably related to the purpose of the offender's

sentence and not unduly restriction of the offender's liberty." As acknowledged by the state, the condition requiring separate living arrangements from a fiancee is unrelated to the offense of driving under the influence and, therefore, must be stricken.

Accordingly, the judgment is modified to eliminate any restriction as to alternative living arrangements. Otherwise, the order of revocation and the imposition of the sixty-day jail term are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE