# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 1, 2006 Session

## CARRI CHANDLER LANE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 02-02581     W. Fred Axley, Judge**

**No. W2005-01998-CCA-R3-CD  - Filed June 18, 2007**

The Appellant, Carri Chandler Lane, appeals the Shelby County Criminal Court's denial of her motion to modify court-ordered restitution.  The State responds that the denial of a request to modify restitution is not appealable under Tenn. R. App. P. 3(b), and, even if appealable, the trial court did not abuse its discretion in denying the motion.  While we agree that Rule 3(b) does not provide for an appeal as of right from a trial court's denial of a motion to modify restitution, we, nonetheless, conclude that the Appellant's issues are entitled to a review as the appeal may be treated as a writ of certiorari.  *See* T.C.A. § 27-8-101 (2006).  After review of the Appellant's motion on the merits, we conclude that material changes in circumstances have occurred since the order and, further, that it would be unjust to require adherence to the restitution order currently in effect.  Accordingly, the trial court's order denying modification is reversed, and this case is remanded for a hearing to determine, following consideration of the Appellant's present financial resources and her future ability to pay or perform, the proper amount and method of payment of restitution to be made.  *See* T.C.A. § 40-35-304(d) (2006).

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., joined, and ROBERT W. WEDEMEYER, J., filed a dissenting opinion.

Mark S. McDaniel, Memphis, Tennessee, for the Appellant, Carri Chandler Lane.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Glen Baity, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

This appeal arises from the denial of the Appellant's motion to modify restitution, which was ordered as a condition of probation following her November 2002 guilty plea to Class B felony theft

of property. The Appellant, who was employed for over nine years in various clerical positions at a Memphis law firm, misappropriated over $500,000 from the firm. Following entry of her guilty plea, the Appellant received a twelve-year sentence, eighteen months of which was to be served in confinement at the Shelby County Correctional Center and 10.5 years to be served on probation. As a condition of probation, the Appellant was ordered to pay restitution in the amount of $556,499.16, payable in installments of $4,416.66 per month, upon release from confinement. On April 24, 2003, three days after sentencing, the Appellant petitioned the trial court for a reduction of her monthly restitution payments, asserting that it was impossible for her to make the monthly scheduled payments as she had only $500 in her bank account and was earning only $10.50 per hour. On April 28, 2003, the trial court amended its previous order and reduced the Appellant's payments to $1,545.83 per month. However, the court extended the Appellant's probationary period from 10.5 years to thirty years to facilitate recovery of the ordered restitution sum of $556,499.16.

The Appellant was released from confinement on October 25, 2004. On December 13, 2004, the Appellant petitioned for a reduction of her monthly restitution payments from $1,545.83 to $500, citing material changes in circumstances as grounds. In January 2005, the State moved to revoke the balance of the Appellant's suspended sentence based upon her failure to make her scheduled restitution payments. On July 20, 2005, the trial court conducted a hearing on the Appellant's motion for modification of restitution. At the hearing, the Appellant testified that she had agreed to the restitution payment of $1,545.83 because, at the time, she was married and her husband had agreed that his earnings would support the family, while her earnings would be utilized solely for repayment of restitution. However, thirty days after reporting to the correctional center, her husband filed for divorce and requested custody of their newborn son. As a result, the Appellant now has no spousal support and, additionally, has been ordered to pay health insurance for her son and guardian ad litem fees, and has incurred considerable attorney's fees and other court generated expenses. At the hearing, the Appellant also testified that while she was incarcerated, her husband sold all of her personal property and that the parties' home was sold at foreclosure.

The proof at the hearing undisputedly established that the Appellant, at the time of the hearing, had expenses of $2,700 per month and a net income of $2,600 per month. Moreover, it is undisputed that it is only through the benevolence of her employer, friends, and her church that she is able to subsist, as she currently lives with her employer and his family out of necessity in order that she may continue making her monthly payments of $1,545.83. In addition to her restitution payment, the Appellant's other expenses include health insurance for herself and her son, car insurance, a car payment,[1] and probation fees and court costs. Thus, the Appellant is currently relying upon the generosity of others for food, lodging, clothing, transportation, and other necessities of life. Despite this undisputed evidence at the hearing, the State opposed any reduction of restitution arguing, " She's not out in the street. She's not – hadn't had to resort to welfare or selling drugs or anything like that. She's just struggling trying to make the payments, in which she should do." In denying the motion, the trial court agreed with the State concluding that:

---

[1] The Appellant testified that her car was not working and was in the shop with $1,093.19 in repairs, which she was unable to pay.

. . . The [Appellant] stated that her take home pay was approximately $2,600 a month and her expenses of $2,700 exceeded her monthly income. It should be noted that the [Appellant] no longer has many of the expenses for necessities of food, utilities and rent because of the generosity of her employer and his family. Her employer testified that the [Appellant] is living with him and his family without being responsible for any financial contribution to the household. Although the court acknowledges that this arrangement is not permanent, never the less it has allowed the [Appellant] to become current on her restitution payment. . . . [I]t does appear to the court that the [Appellant] has a support network and the continued payment of the $1,548 restitution has not rendered her destitute at this juncture. . . .

## Analysis

On appeal, the Appellant asserts that the trial court abused its discretion by failing "to temper her restitution obligation by considering her financial ability to pay and her duty of support owed to her minor child and other financial obligations." The issue of modification of the amount or method of payment of court ordered restitution is expressly addressed by the provisions of Tennessee Code Annotated section 40-35-304(f), which provides that:

A defendant, victim or district attorney general at any time may petition the sentencing court to adjust or otherwise waive payment or performance of any ordered restitution or any unpaid or unperformed portion thereof. The court shall schedule a hearing and give the victim and the defendant notice of the hearing, including the date, place and time and inform the victim and defendant that each will have an opportunity to be heard. If the court finds that the circumstances upon which it based the imposition or amount and method of payment or other restitution ordered no longer exist or that it otherwise would be unjust to require payment or other restitution as imposed, the court may adjust or waive payment of the unpaid portion thereof or other restitution or modify the time or method of making restitution. The court may extend the restitution schedule, but not beyond the term of probation supervision.

T.C.A. § 40-35-304(f). Although the Sentencing Act provides this specific procedure for subsequent modification of the terms and conditions of restitution, including the right to an evidentiary hearing, the State contends that there is no right of appeal from an adverse ruling on the issue by the trial court.

Rule 3, Tennessee Rules of Appellate Procedure, provides, in relevant part, that:

In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly

-3-

reserved the right to appeal a certified question of law dispositive of the case . . ., or if defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not as a matter of law . . . . The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). The State asserts that "Rule 3(b) of the Tennessee Rules of Appellate Procedure does not permit direct appeal of a trial court's disposition of a motion to modify the terms of probation." We agree. *See State v. Adler*, 92 S.W.3d 397, 400-01 (Tenn. 2002) (holding Rule 3(b) appeals are limited to those circumstances specifically enumerated in that rule). Clearly, modification of a restitution order is not "specifically enumerated" in the rule. Nonetheless, this court's jurisdiction extends to review of the final judgments of trial courts in "proceedings instituted with reference to or arising out of a criminal case." T.C.A. § 16-5-108(a)(2) (2006). Additionally, Rule 37 of the Tennessee Rules of Criminal Procedure provides that an appeal as of right "lies from any order or judgment in a criminal proceeding where the law provides for such appeal." Tenn. R. Crim. P. 37(a), (b).

However, when no appeal as of right exists, and an interlocutory appeal is not proper, *See* Tenn. R. App. P. 9, this court may permit the appeal to proceed as a petition for a writ of certiorari. The writ of certiorari derives from Article 6, section 10 of the Tennessee constitution, but the practice with respect to how and when it may be obtained is set forth by the Legislature in sections 27-8-101, *et seq.* These sections are commonly referred to as the "common-law writ of certiorari" and provide, in pertinent part, as follows:

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

T.C.A. § 27-8-101. Generally, the writ of certiorari is limited in application and may not ordinarily be used "to inquire into the correctness of a judgment issued by a court with jurisdiction." *Adler*, 92 S.W.3d at 401 (citing *State v. Johnson*, 569 S.W.2d 808, 815 (Tenn. 1978)); *see also State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980). Normally, the writ properly applies only when the action of the trial court is without legal authority and where no other "plain, speedy or adequate remedy" is available. *Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005); *see also* T.C.A. § 27-8-101. The term "without legal authority" means the trial court "was acting contrary to the law." *Adler*, 92 S.W.3d at 401. However, our supreme court has recognized "ample precedent" which supports the right of an appellate court to entertain the writ "even though the trial judge has not acted illegally or in excess of his jurisdiction." *Johnson*, 569 S.W.2d at 814. The court explained that "there are, and must be, exceptions to the general rule." *Id.* at 815. One such exception noted by the court as to when the writ would properly lie is when "the action of the trial judge constituted a

plain and palpable abuse of discretion." *Id*. The court noted that "a critical consideration is the existence of an effective, available and expeditious appellate remedy" and that "the ultimate test must be whether, absent the use of the common law writ, either party to a criminal action loses a right or forfeits an interest than can never be recaptured." *Id*. at 815-16.

After review, we conclude that the common law writ is proper in this case as the court's failure to comply with the requirement that "the court shall consider the financial resources and future ability of the defendant to pay or perform[,]" as provided in Tennessee Code Annotated section 40-35-304(d), constituted a "plain and palpable abuse of discretion." Moreover, as previously observed, no other plain, speedy, or adequate remedy is available to the Appellant in this case. *See* T.C.A. § 27-8-101. Accordingly, we treat the Appellant's appeal as that of a *writ of certiorari*. *See Adler*, 92 S.W.3d at 401; *State v. Leath*, 977 S.W.2d 132,135 (Tenn. Crim. App. 1998).

Based upon the proof presented at the hearing, we conclude that it "would be unjust to require payment . . . as imposed." *See* T.C.A. § 40-35-304(f). It is undisputed, based upon the proof presented at the hearing, that the circumstances upon which the $1,545.83 restitution payment was based no longer exist. *See id*. The trial court must consider that "[a defendant] must eat, have a place to sleep, transportation to and from work, clothing, as well as other related items of expense." *State v. Smith*, 898 S.W.2d 742,747 (Tenn. Crim. App. 1994) (case remanded for determination of defendant's reasonable expenses and the amount of restitution he could pay while within the jurisdiction of the trial court); *see also State v. Bottoms*, 87 S.W.3d 95, 108 (Tenn. Crim. App. 2001) (amount of restitution "appear[ed] to be excessive, given the time frame within which payment must be made and the defendant's limited income). Clearly, the trial court failed to consider such "other necessities" in this case, as the court noted that, absent such necessities, the Appellant's expenses exceeded her income. The court must considered what the Appellant can "<u>reasonably</u> pay," as an "order of restitution which obviously cannot be fulfilled serves no purpose for the appellant or the victim." *State v. Johnson*, 968 S.W.2d 883, 886 (Tenn. Crim. App. 1997) (emphasis added). Tennessee Code Annotated section 40-35-304(d) expressly provides that "the court shall consider the financial resources and future ability of the <u>defendant</u> to pay or perform." (emphasis added). The trial court is required to set a reasonable amount and method of payment of restitution without consideration of the generosity of family and friends. *See generally State v. Mathes*, 114 S.W.3d 915, 919 (Tenn. 2003). "[T]he amount ordered to be paid does not have to equal or mirror the victim's precise pecuniary loss." *Smith*, 898 S.W.2d at 747. We emphasize that there is no requirement that an offender must become "destitute" or "out in the street" before modification of restitution is warranted. It is obvious from the record that, based upon the Appellant's present financial resources and her future earnings ability, she is unable to comply with the existing restitution payment of $1,545.83. Accordingly, remand is required. *See Smith*, 898 S.W.2d at 747; *see also Mathes*, 114 S.W.3d at 919.

At this juncture, we would also note that a valid question arose at the hearing with regard to any credits due toward restitution, in addition to the question of the current balance of the ordered restitution. Testimony indicated that a payment of $100,000 by a corporate surety for the criminal

wrongs of the Appellant was paid to the law firm. Additional testimony indicated that a "settlement" of $75,000 to $100,000 between the law firm and the bank, which honored the forged checks, was paid; that $44,000 was paid by the victim's husband to the firm; and that $17,000 was forfeited from the Appellant's profit sharing plan at the law firm. It is entirely unclear from the record whether any of these payments were offset, or should have been offset, against the law firm's reported loss. Upon remand, the trial court is instructed to: (1) reconcile these differences and determine the balance of the ordered restitution owed; and (2) determine the amount and method of payment of restitution to be made after consideration of the Appellant's financial resources and her future ability to pay or perform.

## CONCLUSION

After review, we conclude that the trial court's ruling constituted a palpable abuse of discretion by failing to consider the financial resources and future ability of the Appellant to pay or perform. We conclude there is no other plain, speedy, or adequate remedy and, thus, treat the Appellant's appeal as a petition for writ of certiorari. The trial court's judgment is reversed, and this case is remanded for a determination of the amount and method of payment of restitution to be made after consideration of the Appellant's financial resources and her future ability to pay or perform. The trial court may consider any change of circumstance which has occurred since the hearing on July 20, 2005. This case is remanded to the trial court for further proceedings consistent with this opinion.

                                 _____

                                 DAVID G. HAYES, JUDGE