IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 22, 2009


**STATE OF TENNESSEE v. WILLIAM J. WILSON**


**Appeal from the Circuit Court for Bledsoe County**
**No. 71-2006     J. Curtis Smith, Judge**


**No. E2009-00772-CCA-R3-CD - Filed December 29, 2009**


D. KELLY THOMAS, JR., J., concurring.


I join in the results reached by the majority insofar as we do not have an adequate record in which to review the particulars of the Defendant's case. I write separately to express my concern that the probation rule in question, if applied to all probationers, offends due process. The rule prohibits contact or association with any adults who have minor children. The breadth of such a prohibition is problematic and the relationship of the prohibition to the goals of probation is questionable.


Probationary terms are guided by Tennessee Code Annotated section 40-35-303, which states in pertinent part that "the court shall specify the terms of supervision and may require the offender to comply with certain conditions." § 40-35-303(d). The statute then states several conditions that the trial court may impose on the Defendant in addition to "any other conditions reasonably related to the purpose of the offender's sentence." § 40-35-303(d)(9). These unspecified conditions must not be "unduly restrictive of the offender's liberty, or incompatible with the offender's freedom of

conscience." <u>Id.</u>; <u>see also</u> <u>State v. Mathes</u>, 114 S.W.3d 915 (Tenn. 2003) (holding that requiring a defendant to legitimate her daughter as a condition of probation was not reasonably related to her sentence for her aggravated assault conviction); <u>State v. Joshua William Algood</u>, No. M2004-00535-CCA-R3-CD, 2005 WL 839298, *3 (Tenn. Crim. App. Apr. 18, 2005) (holding that requiring a defendant to establish paternity of his children was not reasonably related to his sentence for his aggravated burglary and theft convictions).

Given the state of the record, the validity of the probation rule in this case cannot be determined. This conclusion must not be taken as approval, tacit or otherwise, of the probation rule.

_____

D. KELLY THOMAS, JR., JUDGE