# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 27, 2012

## STATE OF TENNESSEE v. TONI S. DAVIS

**Appeal from the Criminal Court for Sullivan County**
**No. S58,575     Robert H. Montgomery, Judge**

---

**No. E2012-00495-CCA-R3-CD - Filed May 22, 2013**

---

The appellant, Toni S. Davis, entered a plea of guilty to six counts of the sale and delivery of Suboxone, a Schedule III controlled substance used for treatment of opioid addiction. The trial court denied her request for judicial diversion, instead imposing concurrent two-year suspended sentences. The appellant challenges the denial of judicial diversion and also the imposition of a special condition of her probation that she must petition the trial court if she wishes to remain in her Suboxone treatment program for opiate addiction past six months. Following our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

CHRISTOPHER CRAFT, SP. J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Richard A. Spivey, Kingsport, Tennessee, for the appellant, Toni S. Davis.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle Hixson, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Kent Chitwood, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Toni S. Davis, entered a plea of guilty to the sale and delivery of Suboxone (a brand name for buprenorphine, a Schedule III controlled substance) on three separate dates. Her agreement with the State was that the trial judge would merge the three delivery counts into the three sale counts, and that if the appellant did not receive judicial diversion, the state would recommend the minimum Range I sentence of two years and a $2,000 fine as to all three counts to be served concurrently, and the appellant could petition

for an alternative sentence. During the plea, there was a stipulation to the facts surrounding the three offenses set out in the presentence report, summarized as follows:

On December 16, 2009 around 5:38 p.m. a confidential informant ("CI") working for the police placed a recorded call to the appellant, who advised her to meet her at the CVS side of Food City on Virginia Avenue. The appellant would be driving a Gray Ford Taurus. The CI was searched by police officer Crowe and was given a video and audio recording device and $90 in prerecorded bills. When Officer Crowe drove her there, the appellant called at 5:48 to tell her to move the meeting location to Dave's Super Wash "due to cops at Food City." They arrived at the car wash at 5:52, and the CI got into a gray Ford Taurus with a white female and then returned to Officer Crowe with six Suboxone pills, was searched again and gave a written statement of what occurred.

On December 17th, the next day, the appellant was recorded calling the CI at 5:37 pm telling her it would be about ten minutes before she would be ready. At 5:58, she called again stating "it was OK to come on to her house." The CI was searched by officer Crowe again and given the recording equipment and another $90. At 6:08 p.m., they pulled into the appellant's residence. The CI came out four minutes later, returned to the car and gave the officer ten Suboxone pills, was searched again and gave another written statement of what occurred.

On February 9, 2010, about two months later, the CI was to go to an address on Pemberton Ct. in Bristol, Tennessee, and meet two females to purchase six Suboxone pills for $120. The CI was searched, given the recording equipment and $120, and was driven to that address at 3:06 p.m. She went inside but returned stating that the appellant wanted them to wait down the road because another female was bringing the pills. The CI advised that the appellant had been given the money. They drove down the road and after approximately 45 minutes, the appellant called and advised they could come get the pills. The CI went to the front door, spoke to a female and returned with six Suboxone pills. She was again searched. The appellant was arrested on October 20, 2010, pursuant to a capias.

### Denial of Judicial Diversion

At the sentencing hearing, the appellant testified that she was the mother of three children in the process of obtaining her second divorce. She did not deny giving the CI the Suboxone pills. She stated that five years ago she had been taking Lortab while pregnant with her four year old child, her youngest, and fearing it would harm the development of her child, she went to a Suboxone clinic in Kingsport under doctor's orders.[1] She admitted that she was an addict, but she also stated that she had chronic pain. Her doctor was prescribing three Suboxone pills a day but she had lowered that amount, on her own, to one half of one

---

[1] In 2002, the FDA approved the use of buprenorphine (Suboxone) for the treatment of opioid addiction in the United States. It suppresses withdrawal symptoms and cravings for opioids, does not cause euphoria in the opioid-dependent patient, and it blocks the effects of problem opioids for at least 24 hours.

pill per day. The CI, Heather, was a friend of hers that had recently moved into the neighborhood, and the other lady involved, Robin, was also a friend. They all had prescriptions for Suboxone and traded pills, but she made no profit selling them. The CI had gotten in trouble with the police and had been told to turn in other people. She stated she has never sold pills to anyone else. She wished to receive diversion so that she could better provide for her children "when I do try to get a job and move on with my life. I know it will be hard to do that with a felony on my record and I mean it terrifies me." She stated that this was her first mistake, although a big one.

On cross-examination, she summarized her offenses as "she would run out I would let her borrow a few of mine until she went to the doctor and then she would give them back to me and vice versa." She also admitted to selling to other persons. When asked why she changed the location of one sale from Food City to Dave's Car Wash because of the presence of the police, she stated that it was because she was worried about the CI, who was driving without a license. When questioned by the trial judge, she stated that "I was the middle person." She would get the drugs from Robin, give them to the CI and then give the money to Robin. She then admitted there was really no "borrowing" involved, but "we all three knew each other." When asked why she didn't just tell the CI to get the pills from Robin, she had no explanation. When asked why she once asked the CI to wait down the street until the pills were delivered by Robin since the CI already knew Robin, she stated they might not have been getting along then.

A defendant is eligible for judicial diversion when he or she is found guilty or pleads guilty to a Class C, D, or E felony and has not previously been convicted of a felony or a Class A misdemeanor. See Tenn. Code Ann. § 40-35-313(a)(1)(B). The decision to grant judicial diversion lies within the discretion of the trial court and will not be disturbed on appeal unless it is shown that the trial court abused its discretion. *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). In other words, a denial of judicial diversion will not be overturned if the record contains any substantial evidence to support the trial court's action. *Id.* Moreover, we observe that "judicial diversion is similar in purpose to pretrial diversion and is to be imposed within the discretion of the trial court subject only to the same constraints applicable to prosecutors in applying pretrial diversion under [Tennessee Code Annotated section] 40-15-105." *State v. Anderson*, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).

The trial judge in this case placed his findings on the record prior to making his decision. Although he found that factors such as her social history and her mental and physical health had a neutral effect, he was concerned that the appellant was not amenable to correction because she depreciated her crimes, and "just saw it as what friends do for each other," noting her statement in the presentence report that "I never sold, I gave it to her until she got her own prescription. The friendship consisted of her bumming." He also noted the circumstances of the offenses, involving moving to other places and waiting down the road, implying clandestine activity that contradicted her testimony at the hearing. He also placed

emphasis on the deterrent effect on all of the others in the appellant's "circle," whom she testified were buying and selling these drugs without a prescription and knew she was in court for this offense. He therefore found that placing her on diversion would not serve her best interests or those of the public. He did place her on full probation, however, despite noting as a negative factor that the appellant had made no recent efforts to get a GED or become employed.

The trial court properly weighed all of the relevant factors and determined that the Defendant was not a suitable candidate for judicial diversion. We conclude that the trial court adequately explained his findings on the record and did not abuse his discretion.

### Special Condition of Probation

In its grant of probation to the appellant, the trial court ordered the following special condition of probation, as reflected on the judgment of conviction on Count One: "Defendant needs to petition court if she wants to remain in Suboxone program for over 6 mo." The appellant urges this court to relieve her of that probation condition as unreasonable, as the trial court is overstepping his bounds by intervening in medical treatment matters that should remain between the appellant and her doctor, and are "beyond the bounds of traditional rehabilitation," citing *State v. Robinson*, 139 S.W.3d 661, 666 (Tenn. Crim. App. 2004).

"The Sentencing Act provides that 'the trial court has great latitude in formulating punishment, including the imposition of conditions of probation.'" *State v. Jones*, 328 S.W.3d 520, 523-24 (Tenn. Crim. App. 2010)(*quoting State v. Burdin*, 924 S.W.2d 82, 85 (Tenn. 1996)). However, the primary purpose of a sentence of probation "is rehabilitation of the defendant," *Burdin*, 924 S.W.2d at 86, and the conditions of probation must be suited to this purpose. "Once the trial judge determines that probation is justified under the circumstances, the conditions imposed must be reasonable and realistic and must not be so stringent as to be harsh, oppressive or palpably unjust." *Stiller v. State*, 516 S.W.2d 617, 620 (Tenn. 1974). The Act does not grant to the trial court "unfettered authority" to impose any condition on the defendant's probation, but it limits the court's discretion to "the bounds of traditional notions of rehabilitation." *Burdin*, 924 S.W.2d at 87; *see also State v. Mathes*, 114 S.W.3d 915, 918 (Tenn. 2003) (disapproving probation condition that did "not serve either the goal of rehabilitation or the goal of deterrence"); *State v. Robinson*, 139 S.W.3d 661, 666 (Tenn. Crim. App. 2004). That being said, however, the burden of demonstrating the impropriety of a probation condition rests with the defendant. *Burdin*, 924 S.W.2d at 84.

The trial court, after asking the appellant if she was still in the treatment program, stated that in the court's opinion "there's no reason that that should last more than another six months." When her attorney questioned this, the court stated "Well, then, we can have a hearing on that within six months ..." to which the attorney agreed. The trial judge then stated

> based on everything I know six months is the limit. I mean it's just, Suboxone is just
> another drug and while it has some benefits for people that have opiate addiction I

mean it's just another drug and she ---- and unfortunately there are too many people out here that are in the business, legally in the business, of distributing, prescribing and distributing those kinds of drugs and I'm afraid that people are taken advantage as part of that.

The trial judge also explained his reasons for imposing that special condition as follows:

> Well, let me state two things... . She testified there's some days that she only takes a half one, that she on her own is trying to get off of that, which I assume is probably contrary to what her physician has told her. I mean she's trying to get off.
> ....
> The other thing though is, is that she testified that she was ---- as I say she was trying to get off of it herself and what I said was is that if she's ---- that I thought that six months was a reasonable time period for her to obtain that. The drugs involved in this .... sale and delivery were Suboxone and so ---- you know, and if you are prescribed a certain amount and you obtain a certain amount and then you're only using a half a one then that means all those others are free for you to do with whatever you want to.
> ....
> ... [W]hat I've done is provided a mechanism that if there's medical evidence that I need to hear that causes me to change my mind as a result of probation I'm more than happy to do that.

The special condition of probation was clearly meant to be rehabilitative, not punitive. The trial court was properly concerned that the appellant had been in the Suboxone treatment program for five years and had been convicted of selling and delivering the very pills that she was receiving from the program. She also had admitted under oath that she was not presently using more than two thirds of the pills prescribed to her by the physician monitoring her treatment program, and those extra pills could easily be subject to illegal sale, delivery or other abuse by the appellant. The trial court also provided an avenue for the continuance of the program past the six-month limit by allowing her to petition the court and show a medical necessity for continuing treatment. In the court's opinion, the appellant has not carried her burden of showing the impropriety of this probation condition.

## CONCLUSION

For the reasons set forth above, this court finds that the appellant was properly denied judicial diversion and was properly ordered, as a special condition of probation, to petition the trial court if she wished to continue participation in her Suboxone treatment program six months past the sentencing date. The decisions of the trial court are affirmed.

_____
CHRISTOPHER CRAFT, SPECIAL JUDGE