IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs September 25, 2019

**STATE OF TENNESSEE v. CARL S. DIXON**

**Appeal from the Criminal Court for Washington County**
**No. 43245     Stacy L. Street, Judge**

_____

**No. E2019-00228-CCA-R3-CD**

_____

Defendant, Carl S. Dixon, was indicted by the Washington County Grand Jury for aggravated assault. Following a jury trial, Defendant was convicted of reckless aggravated assault. Following a sentencing hearing, the trial court sentenced Defendant to serve two years, to be suspended on probation, and ordered Defendant to pay the victim $600 in restitution at the rate of $25 per month. Defendant's sole issue on appeal is whether the trial court's order of restitution was proper when Defendant's only source of income was Social Security Supplemental Security Income. Having reviewed the record and the applicable authority, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

James T. Bowman, Johnson City, Tennessee, for the appellant, Carl S. Dixon.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Kenneth C. Baldwin, District Attorney General; and Justin Irick, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Trial and sentencing hearing*

A recitation of the evidence presented at trial is unnecessary to our review of the issue presented on appeal. In summary, Defendant stabbed the victim during a physical altercation between the victim and another individual. At the sentencing hearing, the trial court accepted the recommendation of the State and the defense, imposing a two-year

probated sentence. The trial court then heard testimony and arguments regarding restitution to the victim for out-of-pocket medical expenses.

The victim testified that he was hospitalized for five days following the incident. He testified that the uncovered portion of his medical expenses was $600 and that he had not yet been able to pay the bill. The State introduced a statement of the victim's medical expenses as an exhibit to the hearing.

Defendant provided the trial court with documentation to establish that his total monthly income was $750, which he received as Supplemental Security Income (SSI). Defendant also received $50 to $60 in food stamps each month. Defendant testified that his monthly rent was $150. Defendant explained that Kingsport Electric Company was paying his electric bill for one year, but he would be responsible for it after that. Prior to receiving assistance from the electric company, Defendant paid $154 for his electric bill. Defendant estimated that he spent approximately $200 per month on groceries, $14 per month on loose tobacco, and $12 per month on alcohol. He testified that his phone bill was $20 per month, and he paid $47 per month on a loan debt with a remaining balance of $347.

At the conclusion of the hearing, the trial court found Defendant had the ability to pay restitution in the amount of $600, and the court ordered Defendant to pay it at the rate of $25 per month.

*Analysis*

On appeal, Defendant contends that the trial court erred in ordering him to pay restitution. Defendant argues that his only source of income, SSI, is exempt from legal process. The State responds that the trial court's order of restitution was proper.

When a defendant challenges the restitution amount ordered by the trial court, this court will utilize an abuse of discretion standard of review with a presumption that the trial court's ruling was reasonable. *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012). A finding of abuse of discretion "reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case." *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001). The defendant bears the burden of demonstrating impropriety of the sentence. *See* T.C.A. § 40-35-401, Sentencing Comm'n Cmts; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

While there is no set formula for determining restitution, above all, the restitution amount must be reasonable. *State v. Smith*, 898 S.W.2d 742, 747 (Tenn. Crim. App.

1994). When ordering restitution, the trial court must base the amount on the pecuniary loss to the victim. T.C.A. 40-35-304(b); *Smith*, 898 S.W.2d at 747. The amount of restitution ordered, however, "does not have to equal or mirror the victim's precise pecuniary loss. *State v. Mathes*, 114 S.W.3d 915, 919 (Tenn. 2003) (quoting *Smith*, 898 S.W.2d at 747). "Pecuniary loss" is statutorily defined as "[a]ll special damages, but not general damages, as substantiated by evidence in the record or as agreed to by the defendant." T.C.A. § 40-35-304(e)(1) (2014). "Special damages" are "the actual, but not the necessary, result of the injury complained of, and which in fact follow it as a natural and proximate consequence in the particular case. . . ." *State v. Lewis*, 917 S.W.2d 251, 255 (Tenn. Crim. App. 1995) (quoting Black's Law Dictionary 392 (6th ed. 1990)). Tennessee law mandates that [i]n determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform." T.C.A. § 40-35-304(d). This is because "[a]n order of restitution which obviously cannot be fulfilled serves no purpose for the appellant or the victim." *State v. Johnson*, 968 S.W.2d 883, 886 (Tenn. Crim. App. 1997).

In ordering restitution, the trial court shall specify the amount of time and payment and may permit payment or performance of restitution in installments. T.C.A. § 40-35-304(c). The court may not, however, establish a payment or schedule extending beyond the expiration of the sentence. *Id*. § 40-35-304(g)(2). If the defendant, victim, or district attorney petitions the trial court, it may hold a hearing and, if appropriate, waive, adjust, or modify its order regarding restitution. *Id*. § 40-35-304(f). Further, any unpaid portion of the restitution may be converted to a civil judgment. *Id*. § 40-35-304(h)(1); *State v. Bottoms*, 87 S.W.3d 95, 108 (Tenn. Crim. App. 2001).

In his brief on appeal, Defendant cites a Washington state case in which the court applied a provision of the Social Security Act that prohibits social security disability income from being "subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." 42 U.S.C. § 407(a); *see City of Richland v. Wakefield*, 186 Wash.2d 596, 607-08 (Wash. Sept. 22, 2016) (defendant could not be ordered to pay her outstanding "legal financial obligations" when her only income was SSI). That case is easily distinguished from the present case. Here, we are reviewing an order of restitution, not the payment of legal financial obligations. Moreover, the Washington state case is not binding or persuasive to our analysis.

Defendant also cites two United States Supreme Court cases, both of which were cited by the Washington court in *Wakefield* and both of which can be distinguished from the present case. In *Bennett v. Arkansas*, 485 U.S. 395, 397 (1988), the Court rejected an attempt by the State of Arkansas to attach the social security benefits of prisoners to pay for the cost of imprisonment. In *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 417 (1973), the Court rejected a state welfare agency's attempt to recover funds from an

individual's trust account because the deposited funds had come from social security disability payments. The Court held that funds from social security disability payments retain their quality as protected benefits even after being deposited, and that they were protected from "the use of any legal process," including claims from state governments. *Id*. 409 U.S. at 417. Unlike the cases cited by Defendant, the trial court did not seek to attach Defendant's SSI benefits. Rather, the court considered Defendant's SSI benefits in addition to other sources of income, including food stamps and electricity assistance, in determining Defendant's ability to pay restitution to the victim.

Defendant's argument relies upon the following analysis. He was sentenced to serve his sentence on probation. A condition of probation is that he must pay $25 per month in restitution to the victim. If the trial court's order of restitution is not obeyed, then Defendant is subject to having his probation revoked. Thus, Defendant asserts that this procedure of sentencing alternatives in Tennessee is an "other legal process" akin to a levy, garnishment, or execution, which are used to directly attach and seize assets to satisfy debts. We want to make it abundantly clear that not one penny of Defendant's monthly social security disability payments are taken by authority of the trial court prior to the funds coming into Defendant's possession, or from any bank account of Defendant to which they are deposited. As far as the record reflects and common sense implies, Defendant can spend the $750 per month on whatever he pleases. If his rent is not paid, he can be evicted. If he refuses to hand over money for alcohol or tobacco, he will not receive the product. Likewise, if he refuses to pay restitution of $25 per month, or willfully violates other conditions of probation, he is subject to having his probation revoked. In Tennessee, Defendant's being on probation with one condition being payment of restitution is not "other legal process" as that term is used in the federal statute cited by Defendant.

Regarding the reasonableness of the restitution in this case, we note that a panel of this court has held that an order of $2,700 in restitution was appropriate where the defendant's only income was $836 per month in social security benefits. *State v. John N. Moffitt*, No. W2014-02388-CCA-R3-CD, 2016 WL 369379 (Tenn. Crim. App. Jan. 29, 2016), *perm. app. denied* (Tenn. June 24, 2016) (the panel reduced the trial court's order of restitution from $27,129 to $2,700 for lost wages because the proof showed that the victim was not responsible for the payment of his medical expenses). Another panel of this court upheld the trial court's order requiring the defendant to pay restitution in the amount of $4,320 at the rate of $100 per month where the defendant's only income was $1,200 per month in social security disability benefits. *State v. Kenneth Pence*, No. W2003-00639-CCA-R3-CD, 2003 WL 22922277, at *3 (Tenn. Crim. App. Dec. 10, 2003), *no perm. app. filed*.

We cannot conclude that the trial court abused its discretion, especially in light of the trial court's order that Defendant be allowed to pay restitution at the rate of $25 per month due to his limited finances, and in light of evidence that Defendant regularly purchased tobacco and beer, for which he estimated he spent $26 per month. Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE